Harold L. **MARLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 37469.

Court of Criminal Appeals of Texas.

Oct. 13, 1965.

————◆————

J. Charles Whitfield, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Milton Mc-Collough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for the felony offense of driving a motor vehicle upon a public highway while intoxicated; the punishment, 90 days in jail.

The offense was alleged to have been committed in Harris County on or about November 2, 1963 and the indictment alleged that appellant had been previously convicted in Cause No. 12669 in the County Court at Law of Nueces County on November 10, 1953 for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated.

The sufficiency of the evidence to sustain the finding of the jury that appellant was intoxicated about 8:25 P.M. on November 2, 1963, when he was arrested by Officer Robert Ray Caswell while driving a pickup truck on the North Freeway in Harris County is not questioned.

The arresting officer testified that appellant was weaving from lane to lane as he followed him some seven blocks.

When stopped, he had difficulty in getting his driver's license out of its holder; he was unsteady on his feet; had the odor of alcohol on him and several times he fell against some lumber that was on the pickup. His speech was such that the officer could hardly understand him.

Based upon his experience and observations, Officer Caswell testified that in his opinion appellant was intoxicated.

Police Officer James Harold Legg, who responded to the call and arrived at the scene of the arrest when appellant was seated in the patrol car, testified that he had a conversation with appellant; that he had a "very strong odor of alcohol about his breath * * * he talked slurred and incoherent and his eyes were red," and based upon his observations expressed the opinion that appellant was intoxicated. He also testified that he found a pint bottle of Old Crow whiskey, half of it gone, in the seat of appellant's pickup truck which he drove to the police station.

Certified copies of the complaint, information and judgment of conviction in Cause No. 12669, in County Court at Law of Nueces County, were introduced in evidence, the judgment bearing notation that it was entered the 10th day of November 1953.

The state also introduced notice of said conviction certified by the clerk of said court and bearing the signature of the defendant and his license Number 3750130; the name and address of the defendant, the offense, date of conviction and penalty assessed.

The arresting officer testified that the license he got from the appellant was Commercial License Number 3750130.

The state offered in evidence the appearance bond in the cause on trial signed Harold Lee Marley, hence the trial court and jury had the opportunity of comparing it with the signature of Harold L. Marley on the notice of conviction report.

We find the evidence sufficient to establish that appellant was the defendant in the prior misdemeanor conviction alleged in the indictment.

Appellant points out that there is a slip attached to the notice of conviction which indicates that it was received by the Driver's License Division of the Texas Department of Public Safety on March 13, 1959, whereas it should have been sent with driver's license attached within 10 days from date of conviction. (Art. 6687b, Sec. 25, V.A.C.S.)

The defendant's license to drive a motor vehicle was automatically suspended when the conviction for drunk driving became final, whether the report was sent to Austin or not. Art. 6687b, Sec. 24(a) V.A.C.S.

No reversible error appearing, the judgment is affirmed.