Lathern C. DORSETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 38683.

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the subsequent offense of drunken driving; the punishment, sixty days in jail and a fine of $100.

The state's evidence shows that while driving his automobile at a high rate of speed on a public street in the city of Tyler, appellant overturned at an intersection and his vehicle came to rest upside down.

Officers Richardson and Beck proceeded to the location to investigate the wreck and observed appellant at the scene. In describing appellant's actions and appearance at the time, Officer Richardson testified that he had the smell of alcohol on his breath, his eyes were glassy, his speech was slurred, and he staggered when he walked. The officer expressed his opinion that appellant was under the influence of intoxicating liquor at such time.

The officer also stated that after he took appellant to the hospital, a blood sample was taken from him, with his consent. The specimen was put in a vial, which was sealed and placed in a container. He testified that he then gave the container to the dispatcher to be mailed.

At the trial, Officer Richardson identified state's exhibit #1 as a container, with his handwriting thereon, which held a vial containing a blood sample sent to the state laboratory in Dallas.

Chemist and toxicologist George Brown, of the Department of Public Safety, testified that he received a specimen of blood belonging to appellant from Officer Richardson, of the Tyler police department; that the specimen was in a vial in a sealed container; that he broke the seal on both the container and the vial and examined the blood specimen for its alcoholic content. He stated that the results of his analysis disclosed that the specimen contained 0.27% alcohol by weight and that in his opinion the person from whom the specimen was taken was intoxicated at the time.

Both the container and the vial were offered in evidence by the state as exhibits #1 and #1–A. No objection was made by appellant to the exhibits on the ground that the blood specimen had not been properly identified or traced, and appellant is in no position to now urge such an objection on appeal.

State's exhibits #2, 3, and 4, being the complaint, information, and judgment in Cause No. 11,422, styled The State of Texas vs. Lathern Dorsett on the docket of the County Court of Smith County, were introduced in evidence and showed that on May 14, 1954, the defendant therein was convicted of the misdemeanor offense of driving while intoxicated. Proof was made that such judgment was final, the same having been appealed to this court and affirmed, as reformed, with the issuance of mandate on January 5, 1955.

Certain records of the Drivers' License Division of the Department of Public Safety were introduced in evidence, showing the issuance of a Texas operator's license, #3396358, to Lathern Dorsett, on June 18, 1951, describing him as a "White male; blue eyes; blond hair; 165 pounds; 5' 10"; born June 2, 1929," and listing his address as 1307 West Cochran, Tyler, Texas.

The records introduced further showed that on May 14, 1954, Lathern Dorsett, the holder of such license, was convicted in the County Court of Smith County, in Cause No. 11,422, of the offense of driving while intoxicated.

Appellant did not testify, but called as a witness Officer Beck, the other investigating officer who went to the scene.

Officer Beck testified that in his opinion appellant's "physical ability" at the time was normal, but on cross-examination he stated that he meant that appellant had no physical defects, and expressed the opinion that he was then intoxicated.

We overrule appellant's contention that the evidence is insufficient to sustain the judgment of conviction because the driver's license record introduced in evidence was insufficient to identify him as the person previously convicted of the misdemeanor offense of drunken driving.

Similar proof has been held sufficient where the jury has the opportunity to observe the accused and determine by comparison with the description in the record whether he is the same person previously convicted. See: Jean v. State, 172 Tex.Cr. R. 518, 360 S.W.2d 148, and cases there cited.

Hightower v. State, Tex.Cr.App., 389 S.W.2d 674, relied upon by appellant, is not here controlling, under the facts.

The judgment is affirmed.

Opinion approved by the Court.