Walter RILEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 39735.

Court of Criminal Appeals of Texas.

Oct. 5, 1966.

Gene Starkey, Houston, (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The conviction is for the felony offense of drunk driving; the punishment, six months in jail.

The indictment, returned October 12, 1962, alleged the offense to have been committed on or about the first day of September 1962, after appellant had been convicted of the misdemeanor offense of drunk driving on May 4, 1962.

Trial was had on February 12, 1964, and sentence was pronounced and notice of appeal was given on April 10, 1964.

The record on appeal was filed in this court on May 25, 1966, and submitted on June 22, 1966.

Reversal is sought upon the ground that the evidence is insufficient to sustain the jury's finding that appellant while intoxicated drove a motor vehicle upon a public highway in Harris County, Texas, on or about September 1, 1962, as charged in the indictment.

Mrs. Minnie Bell testified that she met appellant on September 1, 1962, while she was driving an automobile in the 300 block on Polk, a public street in Houston, when he drove an automobile off the curb into the street and hit the car she was driving.

This evidence was sufficient to sustain a finding that appellant drove the automobile on a public highway. Headley v. State, Tex.Cr.App., 386 S.W.2d 290.

Mrs. Bell testified that she had a conversation with appellant at the scene and observed that his tongue was thick; that she could smell beer on his breath and that he could not walk straight. "He just wobbled as he walked."

She further testified that she had seen quite a few individuals who were in a state of intoxication and expressed the opinion that appellant was intoxicated when she saw him on September 1, 1962.

Police Officer Lee Hoffman, who investigated the collision, testified that he had a conversation with appellant and observed that his speech was slurred; he was unsteady on his feet and stumbled and appeared to be falling and he assisted him across the street, and that appellant had the odor of alcoholic beverages about his person.

Officer Hoffman expressed the opinion that appellant was intoxicated.

■ We find the evidence sufficient to sustain the allegation of the indictment as to the primary offense and overrule appellant's first ground of error.

Appellant's second claim of error is that the evidence is insufficient to sustain the allegation of the indictment as to the prior misdemeanor conviction.

The indictment alleged that prior to the commission of the offense on or about September 1, 1962, appellant was on the 4th day of May, 1962, in Cause No. 161890 in County Criminal Court at Law No. 1 of Harris County, duly and legally convicted of the offense of driving a motor vehicle upon a public highway while intoxicated, and that said conviction was a final conviction.

A copy of the judgment in said cause appears in the statement of facts and Joe R. Dvorsky testified from the records of the Department of Public Safety of Walter Riley, Jr. He testified that such record showed a conviction in the cause described in the indictment on May 4, 1962, and read from such record the description of the licensee Walter Riley, Jr., and his signature.

The appearance bond bearing the signature of the defendant in the misdemeanor case was introduced in evidence and the official conviction notice sent to the Department of Public Safety bearing the signature of the person convicted was also identified and introduced.

Officer Hoffman, who investigated the collision, testified that appellant gave his address and the date of his birth. These correspond with the information read by Captain Dvorsky from the driving records of Walter Riley, Jr.

■ We find the evidence sufficient to support the jury's finding that appellant was the defendant previously convicted on May 4, 1962, as alleged in the indictment. Rice v. State, 163 Tex.Cr.R. 367, 292 S.W. 2d 114; Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654; Valero v. State, 170 Tex.Cr.R. 302, 340 S.W.2d 492; Jean v. State, 172 Tex.Cr.R. 518, 360 S.W.2d 148; Marley v. State, Tex.Cr.App., 394 S.W.2d 516; Dorsett v. State, Tex.Cr.App., 396 S.W.2d 115.

The remaining claim for reversal relates to the following:

"Q. So that then, that judgment should be entered on May the 4th, should it?

MR. McCULLOUGH (Counsel for the State): We object to that, Your Honor.

THE COURT: Sustained.

MR. WOLTERS (Defense Counsel): We have a right to show that that is an invalid judgment, because that motion stated the entering of the judgment, because then, the defendant had a right. Had he so chosen to appeal this case to the Court of Criminal Appeals at Austin,

Texas. If he so chose, it was prematurely entered.

THE COURT: I think that counsel well knows that in a misdemeanor action, the date of the judgment is the date of the original conviction as the record so indicated. He is just trying to mix up the facts for the jury."

In view of the statement of counsel for the defense to which the court's remark was addressed, and the fact that the jury was instructed not to consider the court's remark, no reversible error is shown.

The judgment is affirmed.