**Wiley Bonner LITTLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 301–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

On Rehearing March 11, 1987.

Wendell A. Odom, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Sidney Crowley and Janiece Longoria, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This is an appeal from an aggravated robbery conviction. The jury found the appellant guilty and that the allegations of two prior felony convictions were "true." The court assessed punishment at life imprisonment in accordance with V.T.C.A., Penal Code, § 12.42(d) (in effect at the time).

On appeal the appellant, inter alia, contended that the State failed to prove he was the same person allegedly convicted of the second prior felony conviction set forth in the indictment. On this ground the Houston Court of Appeals [1st Dist.] reversed the conviction and remanded the cause to the trial court. *Littles v. State* (No. 01–82–0107CR—February 24, 1983).

We granted the State's petition for discretionary review to determine the correctness of the decision below.

In addition to the primary offense of aggravated robbery, the indictment alleged that appellant had been previously convicted on May 18, 1970 of burglary in Cause No. 145613 in the 179th District Court of Harris County, and that he had also been convicted on July 22, 1971 of the felony offense of intentionally and knowingly failing to appear in District court in Cause No. 158177 in the 209th District Court of Harris County.

At the penalty stage of the trial the State called Juan Jorge of the Identification Division, Harris County Sheriff's office who was qualified as a fingerprint expert. Jorge testified that known fingerprints of the appellant which he had personally taken from the appellant were identical with the fingerprints found in the pen packets, State's exhibits 7 and 8. It was his opinion that the prints were made by the same person. State's exhibit 7 referred to the prior burglary conviction in Cause No. 145613 alleged as the first prior conviction. It contained the certified copies of the judgment and sentence, photographs, fingerprints, physical description, etc., under the certification of the Records Clerk of the Texas Department of Corrections. State's exhibit 8 referred to the felony conviction for failure to appear in Cause No. 258177, the second alleged prior conviction. It likewise contained certified copies of the judgment, sentence, photographs, fingerprints, etc., under the same certification as exhibit 8.

When State's exhibits 7 and 8 were offered into evidence by the State, the appellant objected to the admission of the fingerprint page of exhibit 8 on the ground that such page on its face expressly referred to a theft conviction with a different cause number than the failure to appear conviction. The prosecution withdrew the fingerprint page which also included a physical description and offered the pen packet, exhibit 8, sans any reference to fingerprints or physical description. Thereafter State's exhibits 7 and 8 were admitted into evi-

dence over objection that exhibit 8 was insufficient to prove appellant was the same person previously convicted as alleged regarding the second prior conviction. Although the alleged second prior conviction occurred in Harris County in 1977, the State made no effort to offer other testimony to prove the appellant was the same person convicted.

Both sides rested and closed and the court submitted the issues of whether the appellant was the same person so previously convicted as alleged in the indictment, and the jury was instructed on the burden of proof.

The jury returned its verdict finding, inter alia, "that the allegations in Enhancements paragraphs one and two of the indictment are 'true.'"

On appeal the Court of Appeals reversed citing *Gollin v. State*, 554 S.W.2d 683 (Tex. Cr.App.1977), and *Daniel v. State*, 585 S.W.2d 688 (Tex.Cr.App.1979). It held that exhibit 8, standing alone, was insufficient to show the appellant was the person so previously convicted of the alleged second prior conviction.

■ It has been said that statutes such as V.T.C.A., Penal Code, § 12.42(d), create no offense, but merely authorize increased punishment to be affixed to subsequent convictions. The provisions are reformatory in nature and must be strictly construed. *Ex parte Davis*, 412 S.W.2d 46, 51 (Tex.Cr. App.1967).

■ The State has the burden of proof concerning the prior convictions alleged for the purpose of enhancement of punishment, and the standard of proof is beyond a reasonable doubt. *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982). This burden, inter alia, includes proving that the defendant is the same person convicted of the prior felony which will serve to provide predicate for enhancement of punishment. *Rios v. State*, 557 S.W.2d 87 (Tex.Cr.App. 1977).

■ There are, of course, a number of methods by which the State may properly prove the prior convictions alleged for the purpose of enhancement of punishment.

Some have been listed and discussed in *Cain v. State*, 468 S.W.2d 856 (Tex.Cr.App. 1971), and *Daniel v. State*, supra. These, of course, are not exclusive. One method, and perhaps the most popular with prosecutors because it is the easiest, is the introduction of certified copies of the judgment and sentence and the record of the Texas Department of Corrections or county jail including fingerprints supported by the testimony of an expert witness identifying those prints as identical with known prints of the accused. *Rios v. State*, 557 S.W.2d 87 (Tex.Cr.App.1977); *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr.App.1977); *Alvarez v. State*, 536 S.W.2d 357 (Tex.Cr.App.1976); *Blake v. State*, 468 S.W.2d 400 (Tex.Cr. App.1971); *Babcock v. State*, 473 S.W.2d 941 (Tex.Cr.App.1971); *Vessels v. State*, 432 S.W.2d 108 (Tex.Cr.App.1968).

In the instant case, the prosecutor pursued this method and sufficiently proved the first prior felony conviction alleged by use of exhibit 7 (the pen packet) and the testimony of the fingerprint expert. However, with the withdrawal by the prosecutor of the fingerprint page (including physical description) of exhibit 8, the question is whether the evidence remaining was sufficient to prove the second prior felony conviction alleged.

The withdrawal of the fingerprint page of the said exhibit rendered the fingerprint expert's testimony regarding the same immaterial. All that remained of the exhibit was the certified copies of the judgment and sentence, the photographs (front and side views) and the certification page. Was this enough to prove the second prior conviction as alleged?

The certified copies of the judgment and sentence standing alone are not sufficient to prove the allegations, *Franklin v. State*, 154 Tex.Cr.R. 375, 227 S.W.2d 814 (1950); *Phariss v. State*, 149 Tex.Cr.R. 406, 194 S.W.2d 1007 (1946), and this is true even if the name on the judgment and sentence is the same as the defendant on trial. *Elizalde v. State*, 507 S.W.2d 749, 752 (Tex.Cr. App.1974).

Does the addition of the two photographs or mug shots change the situation?

In *Gollin v. State*, 554 S.W.2d 683 (Tex. Cr.App.1977), the pen packet, inter alia, included two mug shots (front and side views) and a physical description which reflected the height, weight, complexion, eyes, hair, race, date of birth of the inmate and noted he had a cut scar on the right cheek. Although there was no fingerprint testimony, a deputy sheriff testified he was acquainted with Gollin and had examined the photographs and physical description in the pen packet and expressed the opinion the person referred to in the pen packet was Gollin, who was present in the courtroom. Gollin's confession, admitted into evidence, reflected his race, date and place of birth which corresponded to the description in the pen packet.

Under the facts *Gollin* is a far cry from the instant case.

The State calls attention to the extradition cases of *Ex parte Nelson*, 594 S.W.2d 67 (Tex.Cr.App.1980); *Ex parte Viduari*, 525 S.W.2d 163 (Tex.Cr.App.1975); and *Ex parte O'Connor*, 336 S.W.2d 152 (Tex.Cr. App.1960), as authority for the proposition that a photograph is sufficient for identification of a defendant in that type of habeas corpus proceedings. In *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.1975), this Court specifically noted that an extradition proceedings is a different type of proceedings than a criminal trial and the strict rules of evidence do not apply, and the evidence is to be regarded liberally in favor of the demanding state.

The cases cited by the State are not applicable in a criminal trial where the issue of guilt or innocence or the allegations for enhancement of punishment are in issue.

The State also cites *Dorsett v. State*, 396 S.W.2d 115 (Tex.Cr.App.1965), and *Jean v. State*, 172 Tex.Cr.R. 518, 360 S.W.2d 148 (1962). Both of these cases involved prosecution for the subsequent offense of driving a motor vehicle on a public highway while intoxicated. There the court held that a physical description of an individual (with same name as defendant on trial) contained in the records of the Texas Department of Corrections which were admitted into evidence were sufficient to show that the defendant had been previously convicted, where the fact finder had an opportunity to observe the defendant and determine by comparison with the description in the record whether he was the same person so previously convicted as alleged. In *Jean* there was no objection to the records introduced and the driver's license number in the records corresponded with the driver's license number found on the defendant's person. In *Dorsett* in upholding the conviction the court cited *Jean* with approval.

In the instant case there was no physical description in exhibit 8 as admitted and we do not deem these cases as persuasive.

The State also urges that the jury could have compared the photographs in exhibit 7 taken on November 13, 1972 with the photographs in exhibit 8 taken on January 30, 1979, and compared them with the appellant on trial on December 1, 1981, and that this would be sufficient to show he was the same person so previously convicted of the second prior felony conviction. This Court has never favored "bootstrapping" in this manner to prove allegations essential to enhanced punishment. See *Daniel v. State*, supra. We do not do so now.

This is a simple case of failure of proof by the State. If the State had expended only a fraction of the time consumed in briefing this case by properly proving up the case in the trial court, the appellate court system would have been saved much time and effort.

We hold the evidence was insufficient to show appellant was the person previously convicted of the second prior felony conviction alleged for enhancement of punishment. The State did not meet its assigned burden of proof.

Since the error here occurred at the penalty stage of the trial before a jury, he is entitled to a new trial, not just the proper assessment of punishment by the trial court. *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982).

The judgment of the Court of Appeals reversing the conviction is affirmed. The cause is remanded to the trial court.

W.C. DAVIS, McCORMICK, and CAMPBELL, JJ., concur in the result.

## OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Judge.

Appellant was convicted of aggravated robbery. Punishment, enhanced by two prior convictions, was assessed at life imprisonment.

The enhancement allegations of the indictment alleged the following:

"Before the commission of the offense alleged above, (hereafter styled the primary offense), on MAY 18, 1970, in Cause No. 145613, in the 179th District Court of Harris County, Texas, the Defendant was convicted of the felony of burglary with intent to commit theft.

"Before the commission of the primary offense, and after the conviction in Cause No. 145613 was final, the Defendant committed the felony of unlawfully, intentionally and knowingly fail to appear in the District Court, as charged in the indictment and was convicted on JULY 22, 1977, in Cause No. 258177, in the 209th District Court of Harris County, Texas."

During the punishment phase of the trial, Deputy Juan Jorge of the Harris County Sheriff's Department was qualified as a fingerprint expert. He testified that twenty minutes prior to his testimony he had taken the fingerprints of appellant and placed them on State's Exhibit 6. He further testified that he had compared the fingerprints contained in State's Exhibit 7, a pen packet regarding the first alleged prior felony, with the prints on State's Exhibit 6 and found that both sets of prints were made by the same person. When Jorge began testifying as to the fingerprint comparisons between State's Exhibit 6 and State's Exhibit 8, the pen packet relating to the second alleged prior conviction, it was discovered that the data on the fingerprint page in State's Exhibit 8 referred to a theft conviction, rather than the conviction for failure to appear. In response to defense objections, the trial court ordered that the fingerprint page of State's Exhibit 8 be removed before it was submitted to the jury. Remaining in the pen packet for the jury's consideration was a photograph of appellant, and the judgment and sentence for the conviction.

On original submission to the Court of Appeals, appellant's ground of error was worded as follows:

"There was a fatal variance in the punishment stage of the trial between the allegations in the indictment and the proof as to appellant's prior convictions."

Appellant argued that the State never proved that the appellant was the person to whom the enhancement allegation alleging a prior conviction for failure to appear referred. He further argued that the State's proof failed because there was *no detailed description of the named person* along with the photograph as mandated in *Gollin v. State*, 554 S.W.2d 683 (Tex.Cr.App.1977).

The Court of Appeals rendered an unpublished opinion, treating appellant's ground of error as a procedural issue rather than a sufficiency issue. The Court held that the trial court erred in admitting into evidence a defective pen packet because the photograph was not accompanied by a detailed description of the defendant as required in *Gollin*. Thus, appellant's conviction was reversed and remanded for a new trial. *Littles v. State*, No. 01–82–0107–CR, delivered February 24, 1983 (Tex.App.-Houston [1st Dist.] 1983).

We granted the State's petition for discretionary review to review the Court of Appeals' decision. On original consideration of the State's petition, the majority of this Court affirmed the opinion of the Court of Appeals. Now, on rehearing, after careful consideration, we find that our original opinion was incorrect. Viewing the evidence in the light most favorable to the jury's verdict, we hold that there was sufficient evidence to support the jury's finding that the enhancement allegations were true.

*Gollin v. State,* supra, upon which the Court of Appeals relied on is extremely helpful to our determination. In *Gollin,* State's Exhibit 18, a pen packet showing Gollin's prior conviction for passing a forged instrument, contained a judgment, sentence, commitment, photographs, fingerprints, and a physical description of Gollin. At trial, the State attempted to prove that Gollin was the same person previously convicted of the offense set out in State's Exhibit 18 through the use of fingerprint comparison. However, because the State did not qualify its witness as an expert in fingerprint comparison, the State's attempt at fingerprint proof failed. The State then put a deputy on the stand who testified that he was acquainted with Gollin and had examined the photograph and physical description of Gollin contained in State's Exhibit 18 and in his opinion the person in the exhibit was Gollin. On appeal, Gollin argued that the State's Exhibit 18 should not have been admitted because the State failed to prove that he was the same person named in the exhibit. In its opinion, the Court began its analysis by recognizing that there were at least three *nonexclusive* means of proving identity for purposes of enhancement. They were: (1) by testimony of a witness who identifies the accused as the same person previously convicted; (2) by introduction of certified copies of the judgment and sentence and record of TDC or a county jail including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant; and (3) by stipulation or judicial admission of the defendant. *Cain v. State,* 468 S.W.2d 856 (Tex.Cr.App.1971); *Daniel v. State,* 585 S.W.2d 688 (Tex.Cr.App.1979). The Court went on to note that in a variety of cases, including a DWI case [*Dorsett v. State,* 396 S.W.2d 115 (Tex.Cr.App.1965) ], a revocation of probation case [*Johnson v. State,*

410 S.W.2d 785 (Tex.Cr.App.1967) ] and even in extradition cases [*Ex parte Viduari,* 525 S.W.2d 163 (Tex.Cr.App.1975) and *Ex parte O'Connor,* 169 Tex.Cr.R. 579, 336 S.W.2d 152 (1960) ], the evidence was held to be sufficient to prove that the accused was the same person named in the record in question where that record contained photographs and a detailed physical description of a named person and the accused was present in court for the fact finder to compare his appearance with that person described in the record.[1] Applying these holdings to the proof at trial, the Court held that the evidence was sufficient to prove Gollin's identity.

In the instant case there was no physical description of appellant contained in State's Exhibit 8. We are mindful, however, that the methods outlined in *Gollin* are not the sole means of proving up identity with respect to a prior conviction. And, as we did in *Gollin,* we find it helpful to look at other cases where similar proof was found sufficient to prove the accused's identity.

In two cases involving convictions for DWI, *Dorsett v. State,* supra, and *Jean v. State,* 172 Tex.Cr.R. 518, 360 S.W.2d 148 (1962), the defendant claimed the evidence was insufficient to show he had a prior DWI conviction. In both cases, the State introduced DPS records. These records showed that both defendants had been issued a driver's license and had later been convicted of DWI. In each case the records also contained a physical description of the defendant. This Court, finding the evidence sufficient in both cases, noted that the jury had the opportunity to observe the defendants at trial and compare the defendants' appearance with the descriptions contained in the DPS records. Applying these holdings to the instant case, we find that the application of a juror's subjective interpretation to a written de-

1. Our reading of *Dorsett v. State,* 396 S.W.2d 115 (Tex.Cr.App.1965), the DWI case relied on by the Court in *Gollin,* shows that notwithstanding the language in *Gollin,* there was no photograph of Dorsett introduced into evidence. Rather, DPS records were introduced into evidence showing that a driver's license was issued to an individual by the name of Lathern Dorsett. The

records further described Lathern Dorsett as a "White male; blue eyes; blonde hair' 165 pounds; 5'10"; born June 2, 1929." This Court, recognizing that the jury had the opportunity to observe Dorsett and compare him with the verbal description contained in the DPS records, found the evidence sufficient to identify Dorsett.

**32**

scription of an individual would lead to a far less dependable result than that required when the jury is asked to identify an individual by means of a photograph.

Looking to extradition cases for guidance, as did the Court in *Gollin,* we find that it has long been an accepted practice to identify the accused by means of a photograph. *Ex parte Henson,* 639 S.W.2d 700 (Tex.Cr.App.1982); *Ex parte Nelson,* 594 S.W.2d 67 (Tex.Cr.App.1979) (Opinion on Original Submission); *Ex parte Viduari,* 525 S.W.2d 163 (Tex.Cr.App.1975). *In Ex parte O'Connor,* 169 Tex.Cr.R. 579, 336 S.W.2d 152 (1960), the State introduced into evidence photographs taken by a Harris County assistant district attorney and an affidavit signed by a Pennsylvania store detective which stated that the photographs depicted the man arrested in Pennsylvania and wanted on the extradition warrant. This Court held that such evidence was sufficient to enable the trial judge to reject O'Connor's testimony that he was not the man they were seeking.

■ Reviewing the facts of the instant case, we find that the State properly proved appellant's identity as to the first prior conviction through the use of fingerprints. The records of this conviction were contained in State's Exhibit 7. Included in State's Exhibit 7, was a pair of photographs depicting appellant's front and side view taken on November 13, 1972. As noted above State's Exhibit 8, the pen packet regarding the second alleged prior conviction, contained two more photographs of appellant, depicting front and side views, taken on November 30, 1979. Since the person convicted in State's Exhibit 7 was proven to be appellant through the use of fingerprints, clearly the jury had the capability to compare the photographs contained in State's Exhibit 7 and State's Exhibit 8 and come to the conclusion that the photographs depicted the same individual, the appellant. We find that there was clearly sufficient evidence before the jury to show that the person convicted in State's Exhibit 7 was the same person convicted in State's Exhibit 8.

■ To the extent that *Daniels, Cain, Gollin,* or any other case can be read as holding that there are *exclusive* manners of proof of a defendant's identity as to prior felonies used for enhancement, they are overruled. Each case is to be judged on its own individual merits. This is not to say that there are not preferred methods of proving identity with respect to enhancement allegations. But, where as in the instant case, the proof, though unorthodox, was clearly sufficient, no error will be found. Compare *White v. State,* 677 S.W.2d 683 (Tex.App.-Beaumont 1984, no petition).

The State's motion for rehearing is granted, the judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for consideration of appellant's remaining grounds of error.

ONION, P.J., and CLINTON, TEAGUE and MILLER, JJ., dissent.