Stan **SPAULDING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–94–00959–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 6, 1995.

Jim W. James, Bryan, for appellant.

Bill Turner, Bryans, for appellee.

Before O'CONNOR, WILSON and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

The appellant, Stan Dean Spaulding, was indicted for felony driving while intoxicated ("D.W.I."). *See* TEX.PENAL CODE ANN. § 49.09(b) (Vernon 1994) (D.W.I. is a third degree felony if State proves that defendant has previously been convicted twice of an offense relating to driving or operating a motor vehicle while intoxicated). Appellant plead guilty to the first paragraph of the indictment, which alleged that he operated a motor vehicle while intoxicated on the occasion in question. However, the trial court found appellant guilty of felony D.W.I. after examining evidence of two prior D.W.I. convictions listed in the enhancement paragraphs of the indictment. The court assessed punishment at five-years imprisonment and a $500 fine. Appellant brings four points of error concerning the admissibility of one of the State's trial exhibits and the sufficiency of the evidence to support his conviction. We affirm the judgment of the trial court.

## I. The Record

Although both appellant and the State cite to a transcription of the statement of facts, it is not in the record. Rather, appellant has filed with this Court the transcript, the exhibits, copies of three original cassette tapes recording the proceedings, and a log of proceedings electronically recorded. When appealing from a criminal proceeding in Brazos County, the statement of facts is filed by submitting copies of the tapes, log, and exhibits. Court of Criminal Appeals Order, Rule 3 (October 4, 1989). However, each party must file with its brief an appendix containing a written transcription of all portions of the recorded statement of facts relevant to the errors asserted. *Id.* Neither party to this case has filed such an appendix with its brief.

■ Appellant contends in his first two points of error that State's exhibit four should not have been admitted into evidence at trial because it was inadmissible hearsay and improperly authenticated. The log of proceedings electronically recorded indicates that appellant timely and specifically objected at trial so as to preserve these points of error for appellate review. Additionally, the State does not challenge any of the facts asserted in appellant's brief; rather, the State contests appellant's application of the law to the facts. An appellate court may accept as true any statement that an appellant makes in its original brief regarding the facts or the record unless challenged by the opposing party. *Brown v. State,* 831 S.W.2d 847, 850 (Tex.App.—Dallas 1992), *aff'd on other grounds,* 870 S.W.2d 53 (Tex.Crim.App. 1994); *Bachus v. State,* 803 S.W.2d 402, 403–04 (Tex.App.—Dallas 1991, pet. ref'd); TEX. R.APP.P. 74(f). Therefore, for purposes of this appeal, we accept as true the facts stated in appellant's brief.

## II. Hearsay

■ In his first point of error, appellant contends that the trial court erred by admitting into evidence the portion of State's exhibit four that consisted of a report describ-

ing his official driving records that were kept by the Driver and Vehicle Records Service of the Texas Department of Public Safety ("DPS"). This report listed appellant's two prior D.W.I. convictions that made appellant's present conviction a felony. Appellant argues that the report was hearsay and not admissible under the public records exception, which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (8) **Public Records and Reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth ... (B) matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, *excluding, however, matters observed by police officers and other law enforcement personnel.*

TEX.R.CRIM.EVID. 803(8)(B) (emphasis added).

Appellant relies on *Cole v. State,* 839 S.W.2d 798, 806 (Tex.Crim.App.1990), where the court held that the phrase "matters observed by ... other law enforcement personnel" prohibited the admission of a DPS chemist's report that analyzed evidence discovered by police while investigating a sexual assault. However, on rehearing the court clarified its holding by stating that the "reports were not prepared for purposes independent of specific litigation, nor were they ministerial, objective observations of an unambiguous factual nature." *Id.* at 805, 810. Cases subsequent to *Cole* have held that a DPS driving record is admissible under rule 803(8). *Abbring v. State,* 882 S.W.2d 914, 915 (Tex.App.—Fort Worth 1994, no pet.); *Tanner v. State,* 875 S.W.2d 8, 10 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). The rationale of these cases is that a driving record, unlike the chemist's report in *Cole,* is a document that records routine, objective observations made as part of the everyday function of the DPS. *Tanner,* 875 S.W.2d at 9–10. We therefore hold that appellant's driving record was not rendered inadmissible by rule 803(8).

We overrule appellant's first point of error.

## III. Authentication

■ Appellant argues in his second point of error that the trial court erred by admitting the remaining portion of State's exhibit four, which consisted of an alleged photograph of appellant's driver's license. Although this photograph was certified on the back, the copy filed with this Court does not include the certification. However, the trial court read the certification into the record as follows:

> I certify this is a true and correct copy ... taken from official state records as of January 5, 1994, and it was signed Virginia Talley, custodian of driver records, by Doris Neechy, Deputy, custodian of driver records.

Appellant complains that the photograph was not properly authenticated because, while certified, it was not under seal.

Rule 902(4) of the Texas Rules of Criminal Evidence permits a party to introduce a public document without extrinsic evidence of authenticity if the document is certified in compliance with paragraphs (1), (2), or (3) of rule 902, or with any statute or court rule. TEX.R.CRIM.EVID. 902(4). Paragraphs (1) and (2) of rule 902 provide the following method of self-authentication:

> (1) **Domestic public documents under seal.** A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof ... or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.
>
> (2) **Domestic public documents not under seal.** A document purporting to bear the signature in his official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

■ The photograph of the driver's license that was submitted in State's exhibit four does not comply with rules 902(1) or (2)

because, while certified, it does not contain a seal. None of the other paragraphs of the rule are applicable to this case. However, the State argues that the photograph was authenticated pursuant to TEX.R.CRIM.EVID. 901. A document may be authenticated under either rules 901 or 902, and it need not be authenticated under both. *Reed v. State,* 811 S.W.2d 582, 586 (Tex.Crim.App.1991). The State specifically contends that exhibit four was properly authenticated pursuant to rules 901(a) and 901(b)(7), which provide as follows:

(a) **General provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) **Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . . .

*(7) Public records and reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

This Court has interpreted rules 901 and 902 to require the testimony of an identifying witness to authenticate a document that is not self-authenticated. *Sanders v. State,* 787 S.W.2d 435, 439 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). The State does not contend that it proffered a witness in court to identify its exhibit four. However, in *Reed,* 811 S.W.2d at 586, the court of criminal appeals held that rule 901 does not limit the types of extrinsic evidence that can be used to authenticate a document. In that case, the court was confronted with a copy of a "pen packet" that was certified under seal by the custodian of records of the Texas Department of Corrections, Institutional Division ("TDCJID"), but contained no certification or

seal from the clerk of the convicting court. *Id.* at 587. The court held that the TDCJID custodian's certification under seal constituted extrinsic evidence that the packet in question was also an authentic copy of the original documents retained in the file of the clerk of the convicting court. *Id.*

Although the photo that the State offered into evidence was not certified under seal, the report with which it was included in exhibit four was signed and certified under seal by the DPS manager of drivers' license records. The report stated that the information that it contained was true and correct as taken from official DPS records. Included in this information was a description of appellant's driver's license that matched exactly the information as reflected on the photograph of the ·driver's license that appellant contends should not have been admitted into evidence.[1]

■ The department of public safety is a public office or agency. See *Cole,* 839 S.W.2d at 798 (DPS is a governmental agency with law enforcement authority). The department must issue a driver's license to every applicant upon payment of the required fee, and it is authorized to photograph all records in connection with the issuance of a driver's license. TEX.REV.CIV.STAT.ANN. art. 6687b, § 11(a) (Vernon Supp.1995); TEX. REV.CIV.STAT.ANN. art. 6663a, § (1)(b) (Vernon Supp.1995). Therefore, we hold that the driver's license in question falls within the scope of rule 901(b)(7). Further, we hold that the certified report in exhibit four was sufficient extrinsic evidence that the photograph of appellant's driver's license was authentic and from official DPS records. As noted, the information in the report regarding appellant's driver's license matched the information as reflected on the photograph of the license that was admitted as part of exhibit four.

We overrule appellant's second point of error.

---

**1.** Specifically, the following items are identical in the report and photograph of appellant's driver's license: (1) name; (2) sex; (3) eye color; (4) date of birth; (5) address; (6) license number and class; and (7) license expiration date.

## IV. Sufficiency of the Evidence

In his third and fourth points of error, appellant argues that the State produced insufficient evidence to prove that he was the same person convicted of the two prior D.W.I. convictions that made his current conviction a felony. Specifically, appellant notes that he elicited evidence at trial that the address and city listed in State's exhibit four was not where he resided and worked. In reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and decide whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 155 (Tex.Crim.App.1991).

The State introduced into evidence certified copies of the judgments of two prior misdemeanor D.W.I. convictions that contained appellant's name. However, State's exhibit four was the sole piece of evidence that the State produced at trial to link appellant to these convictions. As noted, this exhibit consisted of a photograph of a driver's license and a report of appellant's driving record that included a list of his prior convictions. The photograph and report contained various pieces of information regarding appellant, including his: (1) name; (2) sex; (3) height; (4) eye color; (5) date of birth; (6) address; (7) license number and class; (8) license expiration date; and (9) a photograph of appellant's face.

We find the photograph and other descriptive information in State's exhibit four legally sufficient to support the trial court's finding that appellant was the same person convicted of the two prior D.W.I. offenses alleged in the enhancement paragraphs of the indictment. *See Littles v. State,* 726 S.W.2d 26, 31–32 (Tex.Crim.App.1984) (op. on reh'g); *Dorsett v. State,* 396 S.W.2d 115, 116 (Tex.Crim.App.1965); *Simms v. State,* 848 S.W.2d 754, 757 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). The trial court had the opportunity to observe appellant in court and determine by comparison with the photograph and description in the driver's license and report whether he was the same person previously convicted. *See Dorsett,* 396 S.W.2d at 116.

We overrule appellant's third and fourth points of error.

We affirm the judgment of the trial court.