Opinion issued on June 15, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00400-CR
          01-05-00417-CR




MATTHEW WAYNE TOMLINSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause Nos. 42722 & 42723




MEMORANDUM OPINION
          Appellant, Matthew Wayne Tomlinson, was charged under two indictments
with aggravated kidnapping and aggravated sexual assault. See Tex. Pen. Code
Ann. §§ 22.02, 20.04 (Vernon Supp. 2005). Each indictment contained an
enhancement paragraph alleging that appellant had a prior felony conviction for
attempted murder. Appellant pleaded not guilty and waived his right to a trial by
jury. The trial court found appellant guilty of both offenses and assessed punishment
at 59 years’ confinement for each offense to be served concurrently.
           In his first point of error, appellant contends that the trial court erred in failing
to find that the complainant was voluntarily released alive and in a safe place, which
would have reduced the punishment. In his second point of error, appellant asserts
that there was legally and factually insufficient evidence of identity to establish that
appellant was a second offender. In his third point of error, appellant argues that the
trial court committed reversible error by admitting extraneous offense evidence
purporting to show that appellant committed another aggravated kidnapping upon
another complainant. In his fourth point of error, appellant contends that he received
ineffective assistance from his trial counsel because counsel neglected to order the
extraction of DNA samples from appellant so that testing could be conducted. We
affirm.
Background
          The complainant, an 18-year-old woman, was walking home from a skating
rink in Freeport, Texas when she noticed a car following her for several blocks. She
testified at trial that she heard a car door slam. Appellant then came up behind her,
put his hands around her mouth, grabbed her and put her into the passenger seat of
a car. He pulled out a pocket knife, exposed the blade, and told her to be “a good
girl” or he would kill her. 
          The complainant testified that she did not know appellant and had never seen
him before. Appellant placed the knife on the dashboard and drove to a nearby beach. 
Once there, he got out of the car, walked around to the passenger side, held the
complainant’s hands down, and took off her pants. He then pulled down his pants
and put his penis in the complainant’s vagina for about 10 seconds. Appellant told
her that, if she did not “participate,” he was going to hurt her. The complainant
testified that she did not know whether or not he had ejaculated. 
          After the sexual assault, appellant put the complainant’s clothes back on, pulled
up his pants, and drove her to an area near where she lived. When appellant released
her, he told her to “be a good girl and don’t look back.” She walked to her brother’s
house where her grandmother called the police. The complainant went to the
emergency room for an examination, where a rape kit was done. Detective Rhyne
with the Freeport Police Department testified that he responded to the report of the
abduction and sexual assault.
            Several weeks after the complainant was abducted, Detective Rhyne received
information on another aggravated kidnapping case in which descriptions of the
suspect, the vehicle, and the items in the vehicle were very similar to those in this
case. He discovered that appellant was the suspect in that case. Rhyne contacted the
Texas Department of Public Safety (“DPS”) to create a photo lineup, which he later
showed to the complainant. She identified appellant in the lineup, but could not be
“100 % positive” in her identification. Rhyne then conducted a live lineup at the
Brazoria County Jail and had each participant say aloud, “Be a good girl and don’t
look back.” The complainant got out of her chair and tried to hide behind an officer
when appellant spoke, apparently believing that he could see her through the one way
glass. The complainant positively identified appellant in the live lineup. 
          During the punishment phase of trial, appellant pleaded not true to the
enhancement paragraph under both indictments. The enhancement paragraph alleged
that appellant had been previously convicted of the felony offense of attempted
murder on or about May 17, 1988 in cause number 18455 in the 23rd District Court
of Brazoria County, Texas. The State called Assistant District Attorney Jon Hall as
its only witness. He prosecuted appellant for an earlier aggravated kidnapping and
identified appellant in court as the person he prosecuted. Hall noted that the
enhancement paragraph in these cases was also alleged in the case that he prosecuted. 
He testified that, in his case, appellant pleaded true to the enhancement paragraph. 
The State offered a copy of the indictment in the prior kidnapping case, which
included the enhancement language, and the docket sheet into evidence. The State
also offered appellant’s penitentiary packet (“pen packet”) from the 1988 attempted
murder case, which included appellant’s picture and identifiers such as height,
weight, color of hair and eyes, complection, and the presence of scars on his forehead
and right knee. 
          At the conclusion of the punishment phase, the trial court sentenced appellant
to 59 years in prison for each offense to be served concurrently, but to be served
consecutively with his conviction in the prior aggravated kidnapping case. 
Voluntary Release
          In his first point of error, appellant contends that his conviction should be
reversed for a new punishment hearing because the trial court committed fundamental
error by failing to find that the complainant was released alive and in a safe place,
thereby reducing the punishment range in the aggravated kidnapping case. We
disagree.
          Aggravated kidnapping is generally punished as a first-degree felony, carrying
a sentence of confinement for five to 99 years or life. Tex. Pen. Code Ann. §§
12.32(a), 20.04(c) (Vernon 2003). At the punishment phase of trial, the defendant
may raise the issue as to whether he “voluntarily released the victim in a safe place.” 
Tex. Pen. Code Ann. § 20.04(d) (Vernon 2003). If the defendant proves the issue
by a preponderance of the evidence, aggravated kidnapping becomes punishable as
a second-degree felony with a punishment range of two to 20 years. Tex. Pen. Code
Ann. §§ 12.33(a), 20.04(c) (Vernon 2003).
          The burden to demonstrate the safe release lies with the defendant under
section 20.04(d). Teer v. State, 923 S.W.2d 11, 15 n.4 (Tex. Crim. App. 1996). Here,
appellant failed to raise the argument at the punishment phase that he voluntarily
released the complainant in a safe place. Because appellant did not apprise the trial
court in any way of this issue, he has not preserved it for appellate review. Tex. R.
App. P. 33.1(a). Accordingly, we overrule appellant’s first point of error.
Sufficiency of the Evidence
          In his second point of error, appellant complains that there was legally and
factually insufficient evidence of identity to establish that appellant was the same
person identified in the prior conviction alleged in the enhancement paragraphs. He
contends that the State’s proof, which consisted of evidence that he pleaded true to
the same enhancement paragraph in an aggravated kidnapping jury trial one year
earlier and the pen packet from the prior offense containing appellant’s name, height,
weight, hair and eye color, complexion, and location of scars, were insufficient to
identify him as the defendant in the prior conviction alleged for enhancement. We
disagree.
Standard of Review
          When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe
or disbelieve all or any part of a witness’s testimony. Reece v. State, 878 S.W.2d 320,
325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
          In a factual sufficiency review, we view all the evidence in a neutral light and
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that supports
an appellant’s complaint on appeal. See Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003). In conducting the factual sufficiency review, we must also employ
appropriate deference to the fact finder so that we do not substitute our judgment for
that of the fact finder. Zuniga v. State, 144 S.W.3d 477, 481-82 (Tex. Crim. App.
2004). Unless the available record clearly reveals a different result is appropriate, an
appellate court conducting a factual sufficiency review must defer to the fact finder’s
determination concerning the weight given contradictory testimonial evidence
because resolution often turns on an evaluation of credibility and demeanor. Johnson
v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility given to any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
What weight to be given contradictory testimonial evidence is within the sole
province of the fact finder because it turns on an evaluation of credibility and
demeanor. Id. at 408-09. The fact finder is entitled to judge the credibility of the
witnesses and may choose to believe all, some, or none of the testimony presented. 
Id. at 407 n.5.
Prior Convictions
          The State has the burden of proof beyond a reasonable doubt as to prior
convictions alleged for enhancement of punishment. Ex parte Augusta, 639 S.W.2d
481, 484 (Tex. Crim. App. 1982), overruled on other grounds by Bell v. State, 994
S.W.2d 173, 175 (Tex. Crim. App. 1999). Certified copies of convictions are
admissible into evidence. Tex. R. Evid. 901(b)(7); Beck v. State, 719 S.W.2d 205,
210 (Tex. Crim. App.1986); Perez v. State, 21 S.W.3d 628, 630 (Tex. App.—Houston
[14th Dist.] 2000, no pet.). However, these documents, standing alone, are normally
not sufficient to prove a prior conviction. Beck, 719 S.W.2d at 210. Rather, the State
must present independent evidence sufficient to support a finding that the defendant
on trial is the same person as the one named in the conviction. Id.; Perez, 21 S.W.3d
at 630. Appellant cites no evidence that he contends undermines the trial court’s
verdict. Sims, 99 S.W.3d at 603. 
          The Court of Criminal Appeals has recognized four ways to prove prior
convictions: (1) testimony of a witness who personally knows the defendant and the
fact of his prior conviction and identifies him; (2) stipulation or judicial admission
of the defendant that he has been so convicted; (3) introduction of certified copies of
the judgment, sentence, and record of the Texas Department of Corrections or a
county jail including fingerprints of the accused supported by expert testimony
identifying them with known prints of the defendant; or (4) comparison by the fact
finder of a record of conviction which contains photographs and a detailed physical
description of the named person, with the appearance of the defendant, present in
court. Daniel v. State, 585 S.W.2d 688, 690-91 (Tex. Crim. App. 1979). These, of
course, are not exclusive. Littles v. State, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984).
Analysis
          In this case, the State offered evidence under three of the four methods to prove
appellant’s prior conviction. Under the first method, the State called Assistant
District Attorney Jon Hall, the only witness to testify during the punishment phase. 
Hall prosecuted appellant for aggravated kidnapping in cause number 39735
approximately one year earlier. He identified appellant in court as the person he
prosecuted and testified that the enhancement paragraph at issue in the two instant
cases, cause numbers 42723 and 42722, alleged the same prior conviction as the
enhancement paragraph in the case he prosecuted. The prior conviction alleged in the
enhancement paragraphs was the 1988 attempted murder conviction. 
          The State also introduced evidence under the second method of proving prior
convictions. Hall testified that, in the case he prosecuted, appellant pleaded true to
the enhancement paragraph alleging the 1988 attempted murder conviction. At trial,
the prosecutor in the instant case argued that appellant’s pleading of true to the same
enhancement language in an earlier court proceeding was admissible as an admission
by a party opponent. See Tex. R. Evid. 801 (e)(2)(a). On appeal, the State contends
that appellant’s prior plea of true to the same prior conviction is strong circumstantial
evidence of identity. Evidence of identity can be proved by direct or circumstantial
evidence. Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). 
          As evidence of the fourth method to prove prior convictions, the State offered
a copy of the indictment in the prior kidnapping case, which included the
enhancement language and the docket sheet. The State also introduced a pen packet
showing that a “Matthew Wayne Tomlinson” was convicted of attempted murder in
the 23rd District Court of Brazoria County, Texas, cause number 18455. The packet
contained certified copies of the judgment, sentence, and fingerprints, as well as,
appellant’s photograph and identifiers such as height, weight, hair and eye color,
complexion, and the presence of scars on his forehead and right knee. 
          We hold that the evidence is legally and factually sufficient to support the trial
court’s finding that appellant was the same person convicted of the 1988 attempted
murder offense alleged in the enhancement paragraph. See Littles, 726 S.W.2d at 31-32; see also Dorsett v. State, 396 S.W.2d 115, 116 (Tex. Crim. App. 1965); Spaulding
v. State, 896 S.W.2d 587, 591 (Tex. App.—Houston [1st Dist.] 1995, no pet.). 
Moreover, the trial court had the opportunity to observe appellant in court and
determine by comparison with the photograph and description in the penitentiary
packet whether he was the same person previously convicted. Dorsett, 396 S.W.2d
at 116 (holding similar proof sufficient where the jury has the opportunity to observe
accused and determine by comparison with the description in the record whether he
is the same person previously convicted).
          We overrule appellant’s second point of error.
Extraneous Acts
          In his third point of error, appellant complains that the trial court committed
reversible error by admitting extraneous offense evidence purporting to show that he
committed another aggravated kidnapping upon a different complainant. The State
argues that appellant failed to preserve error on this issue because he did not object
to the same evidence when it was introduced through questioning of the complainant
by his defense counsel. We agree that error has not been preserved.
          To preserve error, the complaining party must raise the issue in the trial court
by a timely and specific request, objection, or motion. Tex. R. App. P. 33.1(a)(1). 
Here, appellant failed to timely and specifically object to the evidence of the prior
kidnapping case the first time it was mentioned during his voir dire questioning of the
complainant:
Q: Now when did you say that this was the man that was the one that
assaulted you, when did you first identify him to the police
officers or to anybody?
 
A: When they found out he raped somebody else, and it was the
same car he was driving in. 

          Appellant made no objection to the complainant’s response. Although he
objected to the admission of testimony regarding the aggravated kidnapping offense
later during the trial, he did not preserve error because he did not object the first time
this information was introduced. A party must object each time inadmissible
evidence is offered in order to preserve error. Ethington v. State, 819 S.W.2d 854,
858 (Tex. Crim. App. 1991). Because appellant failed to make an objection each time
the evidence was offered, he waived any error. See id.
          We overrule appellant’s third point of error. 
Ineffective Assistance of Counsel

          In his fourth point of error, appellant contends that he received ineffective
assistance of counsel because his trial counsel failed to order extraction of blood or
saliva samples from him so that valid exculpatory DNA testing and comparisons
could be conducted. We disagree.
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). Appellant must show that (1) counsel’s performance was so deficient that he
was not functioning as acceptable counsel under the Sixth Amendment and (2) but 
for counsel’s error, the result of the proceedings would have been different. Id. at
687-88, 104 S. Ct. at 2064-65; see also Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.).
          Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel
was ineffective, we consider the totality of the circumstances of the particular case. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the appellant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. There is a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Id. 466 at 689, 104 S. Ct. at
2065. To prevail on an ineffective assistance of counsel claim, appellant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Id. Assertions of ineffective assistance of counsel
must be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim.
App. 2002). In the absence of a record reference concerning counsel’s reasoning, we
must generally presume that appellant’s trial counsel had a plausible reason for his
actions. Thompson, 9 S.W.3d at 814.
          Here, the record reveals that, during the trial, appellant’s trial counsel requested
that an expert examine a “spoiled rape kit” to determine if the samples contained
therein could still be examined. The court granted the motion, and the expert report
indicated that sperm was not found in the samples. Trial counsel could have
concluded that any further testing would have been futile. Accordingly, we find that
appellant has not overcome his burden of showing that his trial counsel’s performance
fell below the standards of professional norms. Id.
          We overrule appellant’s fourth point of error. 
Conclusion
          We affirm the judgment of the trial court.
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Jennings, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.