Bruce DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–02–00230–CR.

Court of Appeals of Texas,
Waco.

Aug. 25, 2004.

---

Stan Schwieger, Waco, for appellant.

Robert W. Gage, Freestone County Dist. Atty., Fairfield, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Bruce Davis of arson for setting a fire in his brothers' house which destroyed it. The court sentenced him to eleven years' imprisonment. Davis contends that the evidence is legally insufficient to support the conviction because the arson investigator used improper techniques to determine the point of origin for the fire. He asks this Court to take judicial notice of a document regarding arson investigations which allegedly demonstrates that the investigator's techniques were improper. Davis also contends that the evidence is factually insufficient for this same reason, because his brother told the police that another person committed the offense, and because he presented alibi testimony. Because Davis relies on a document not introduced at trial to challenge the investigator's conclusions and because the evidence is legally and factually sufficient to support the conviction, we will affirm.

## THE EVIDENCE IS LEGALLY SUFFICIENT

Davis contends in his first issue that the evidence is legally insufficient to support his conviction because the investigator's techniques did not comport with those recommended by the National Fire Protection Association in its *NFPA 921: Guide for Fire and Explosion Investigations.* Davis asks this Court to take judicial notice of the *NFPA 921* in considering his first issue.

In reviewing a claim of legal insufficiency, we view all of the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Jackson v. Va.,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sells v. State,* 121 S.W.3d 748, 753–54 (Tex.Crim.App.2003). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

The Court of Criminal Appeals has held that an appellate court "may take judicial notice of scientific literature not presented by either party at trial or on appeal." *Mata v. State,* 46 S.W.3d 902, 910 (Tex. Crim.App.2001) (citing *Emerson v. State,* 880 S.W.2d 759, 764–65 & 765 n. 1 (Tex. Crim.App.1994)). More recently however, the Court has declined to consider articles and learned treatises presented by the State Prosecuting Attorney for the first time on appeal. *Hernandez v. State,* 116 S.W.3d 26, 30 (Tex.Crim.App.2003) (per curiam). The Court held in *Hernandez* that the State "cannot now rely on the appellate courts to become independent scientific sleuths to ferret out the appropriate scientific materials which could support the trial court's decision...." *Id.* at 31.

■ Except where otherwise limited, the rules of evidence apply equally to the State and the defense. Davis asks this Court to take judicial notice of the *NFPA 921*, a document not presented to the trial

court. Our research has disclosed no Texas cases recognizing the methodology prescribed in the *NFPA 921* for arson investigations as a reliable methodology. For these reasons, we decline to take judicial notice of the *NFPA 921*. *See Hernandez*, 116 S.W.3d at 29–32.

Davis also cites the arson investigator's failure to discover evidence that any accelerants were used, the investigator's failure to discovery any "suspicious paraphernalia" at the scene, and the lack of any witnesses to the setting of the fire as indicators that the evidence is legally insufficient to support the conviction.

■ Deputy Fire Marshall Julie Morrison testified that in her opinion the fire in question was intentionally set (*i.e.*, of incendiary origin) based on her investigation of the scene. She reached this conclusion after examining the charring patterns to determine the point of origin for the fire and after eliminating other potential sources of ignition. She concluded that the fire originated in a bathroom of the house. Davis's brother Alvis Parks gave a written statement to the police and testified that Davis came to the house and told him to leave because he was going to burn it down. Parks also stated and testified that Davis told him that he started the fire in the bathroom.

Viewing all the evidence in a light most favorable to the verdict, we conclude that the evidence is legally sufficient. *See Hough v. State*, 929 S.W.2d 484, 486–88 (Tex.App.-Texarkana 1996, pet. ref'd). Accordingly, we overrule Davis's first issue.

## THE EVIDENCE IS FACTUALLY SUFFICIENT

Davis contends in his second issue that the evidence is factually insufficient to support his conviction because the investigator's techniques did not comport with those recommended in the *NFPA 921*, be-

cause the brother to whom he allegedly confessed told the police that another brother committed the crime, and because he presented alibi testimony.

In conducting a factual sufficiency review, we "consider[ ] all of the evidence in a neutral light" and determine whether the factfinder was "rationally justified in finding guilt beyond a reasonable doubt." *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim.App.2004).

> [T]here are two ways in which the evidence may be [factually] insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Second, there may be both evidence supporting the verdict and evidence contrary to the verdict. Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met.

*Id.*

Davis contends that the evidence is factually insufficient to prove intent because the arson investigator employed an unreliable methodology to reach her conclusions regarding the incendiary origin of the fire. However, we have already rejected his challenge to the methodology employed by the investigator. Based on her testimony, the jury was "rationally justified in finding ... beyond a reasonable doubt" that the fire was intentionally set. *See Wheeler v. State*, 35 S.W.3d 126, 135–36 (Tex.App.-Texarkana 2000, pet. ref'd).

■ Davis also contends that the evidence is factually insufficient to prove identity because his brother Alvis Parks initially told the police that another brother committed the offense. However, under questioning from the prosecutor and later the defense attorney, Parks stead-

fastly denied that he told the police that anyone else had committed the offense. No police officer testified that Parks identified someone else as the guilty party. Parks's written statement to the police is consistent with his testimony. Accordingly, the record does not support Davis's contention.

Davis also contends that the evidence is factually insufficient to prove identity because his wife testified that he was at home with her at the time of the fire. However, Parks testified that Davis was at the house he burned down during the pertinent time period. Two neighbors testified that Davis came to their homes early that morning.

Three witnesses contradicted the alibi testimony provided by Davis's wife. The jury was free to accept their testimony over hers. *See Vasquez v. State,* 67 S.W.3d 229, 237–239 (Tex.Crim.App.2002); *Cate v. State,* 124 S.W.3d 922, 929 (Tex.App.-Amarillo 2004, pet. ref'd). Thus, the jury was "rationally justified in finding … beyond a reasonable doubt" that Davis is the person who started the fire. *See Zuniga* at 484. Accordingly, we overrule Davis's second issue.

We affirm the judgment.