IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00082-CR

 

Ismael Alejandre,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court # 26464CR

 



MEMORANDUM 
Opinion



 








          Ismael Alejandre was convicted of felony driving
while intoxicated (DWI).  He argues that
the evidence is legally and factually insufficient to prove a prior DWI
conviction and the current offense.  He
also argues that his trial counsel was ineffective.  We affirm.

Background

          Billie
Fuller was driving on FM 877 when she noticed a vehicle ahead of her that was
driving slowly.  When she tried to pass,
the vehicle crossed the center stripe of the road.  Unable to pass, Fuller followed the vehicle for
seven or eight miles, watching it cross the center stripe three times.  At one point a vehicle coming the opposite
direction was forced off the road to avoid the meandering vehicle.  Fuller called 9-1-1 and informed the police about a possibly
intoxicated driver.

          As
the suspect vehicle approached Waxahachie, Officer Keith Putman observed the
vehicle cross the center stripe while making a turn and pulled the vehicle
over.  As he approached the vehicle, he
could smell the odor of alcohol.  In
response to Putman's questions, the driver, Alejandre, stated that he was
returning from a day on the lake and did not have a driver's license with
him.  He also admitted to drinking five
or six beers.

          Putman
administered three field sobriety tests to Alejandre and concluded that he was
intoxicated.  Putman arrested Alejandre
and escorted him to jail where Alejandre refused a breathalyzer test and
refused to sign the statutory and Miranda warnings.

          At
Alejandre's jury trial, the trial court admitted two prior DWI convictions from
1985 and 1998.  A jury found him guilty
of felony DWI and sentenced him to six years' confinement and a $1000 fine.

          In
this appeal, Alejandre argues that (1) the evidence is legally insufficient to
prove the prior 1985 DWI conviction; (2) the evidence is factually insufficient
to prove the prior 1985 DWI conviction and his current conviction; and (3) his
trial counsel was ineffective.

Legal
and Factual Insufficiency

          Alejandre
argues in his first two issues that the evidence is legally and factually
insufficient to prove the prior 1985 DWI conviction, and factually insufficient
to prove the offense charged.       

          In
reviewing the legal sufficiency of the evidence, we view all the evidence in
the light most favorable to the verdict. 
Cardenas v.
State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000).  The critical inquiry is whether, after so
viewing the evidence, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Id.; McDuff,
939 S.W.2d at 614.

          In
conducting a factual sufficiency review, we "consider[ ] all of the
evidence in a neutral light" and determine whether the factfinder was
"rationally justified in finding guilt beyond a reasonable
doubt."  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004); Davis v.
State, No. 10-02-00230-CR, 2004 WL 1903298, *2 (Tex. App.—Waco Aug. 25, 2004, no pet.).

          [T]here
are two ways in which the evidence may be [factually] insufficient.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Second, there may be
both evidence supporting the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.

 

Zuniga, 144 S.W.3d at 484-85.

The 1985 DWI Conviction

          Alejandre
argues that the evidence is legally and factually insufficient to prove his
1985 DWI conviction because there is no evidence directly linking him to the conviction.

          Proof
of two prior convictions are jurisdictional elements that are necessary to
obtain a conviction for the offense of felony DWI.  Hollen
v. State, 117 S.W.3d 798, 802 (Tex. Crim. App. 2003).  The fact of the prior conviction, including
the identity of the accused, must be proven beyond a reasonable doubt.  Zimmer
v. State, 989 S.W.2d 48, 51 (Tex. App.—San Antonio 1998, pet. ref'd).  A prior conviction is usually established by
admitting certified copies of the judgment and authenticated copies of the prison
records, including fingerprints that are supported by expert testimony matching
them to the known prints of the defendant. 
Beck v. State, 719 S.W.2d 205,
209 (Tex. Crim. App. 1986).  Although a
common method of proving prior convictions, it is not the exclusive method of
doing so.  See Littles v. State, 726 S.W.2d 26, 31 (Tex. Crim. App. 1984).  For instance, it is not unusual to use a
driving record to link a defendant to a prior conviction.  Williams
v. State, 946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.); Spaulding v. State, 896 S.W.2d 587, 591
(Tex. App.—Houston [1st Dist.] 1995, no pet.).

          The
1985 judgment does not bear a fingerprint or other identifying elements other
than bearing the same name as Alejandre. 
The State offered Alejandre's driving record from the Texas Department
of Public Safety which contained information on both the 1985 and 1998
convictions as evidence linking Alejandre to the 1985 judgment.  Alejandre argues that his driving record is
not sufficient to connect Alejandre to the 1985 conviction.

          Alejandre's
driving record contained the correct docket numbers for the 1985 and 1998
convictions.  Furthermore, it contained
identifying information such as a physical description, a photograph, and
fingerprints that matched the fingerprints in the 1995 DWI judgment.  Therefore, we find that the evidence is
legally and factually sufficient to prove that Alejandre is the person
convicted in 1985 of DWI as alleged.  Williams, 946 S.W.2d at 895 (finding
driver's record and license sufficient to uphold jury's finding of prior
conviction); Spaulding, 896 S.W.2d at
591 (finding photograph and physical description in driver's record legally
sufficient to prove identity).

The Current Conviction

          In
his second issue, Alejandre argues that the evidence is factually insufficient
to support his conviction of the current DWI offense.  Specifically, Alejandre contends that the
evidence is factually insufficient to prove identity and intoxication, both
elements of felony DWI.  See Tex.
Pen. Code Ann. §§ 49.04, 49.09(b) (Vernon  Supp. 2004-2005).

          Pedro
Alejandre, Alejandre's brother, was in the vehicle on the night of the offense.  Pedro testified that Alejandre had been
allowing Alejandre's twelve-year-old daughter to drive from the lake to
Waxahachie.  Pedro also admitted to
drinking about four beers that day, and when asked if his own ability to drive
had been impaired, he stated, "Could be."

          Fuller
and her husband testified concerning the erratic driving of the vehicle and
their belief that the driver was either drunk or sick.  Putman testified concerning the three field
sobriety tests given to Alejandre.  He
testified that in the horizontal gaze nystagmus test Alejandre exhibited all
six clues, indicating that he was intoxicated. 
Alejandre attempted the one-leg stand test four times, but was unable to
complete it.  When asked to perform the
walk and turn test, he had difficulty remembering the instructions, miscounted,
did not walk heel to toe, made an improper turn, and stopped to catch
himself.  A second officer who observed
the field test, Dennis Hickman, testified that he smelled the presence of
alcohol and noticed Alejandre's difficulty in completing the sobriety tests.

          Alejandre
argues that the videotape of the field sobriety tests admitted in evidence and
published to the jury constitutes proof that Alejandre was not
intoxicated.  It is true that some of the
failings of the sobriety tests are not visible on the videotape, such as the
horizontal gaze nystagmus test and the walk and turn test.  Nonetheless, the Fullers' and the officers'
testimony supports the proposition that Alejandre was intoxicated.  The jury was presented with conflicting
evidence and could accept or reject reasonably competing theories of a
case.  Goodman v. State, 66 S.W.3d
283, 287 (Tex. Crim. App. 2001).  Therefore, looking at the evidence in a
neutral viewpoint, we find that the factfinder was rationally justified in
finding guilt beyond a reasonable doubt. 
Zuniga, 144 S.W.3d at
484.  Accordingly, we overrule Alejandre's
first and second issues.

Ineffective
Assistance of Counsel

          Alejandre
argues in his third issue that he was denied his Sixth Amendment right to an
attorney because his trial counsel was ineffective.  When reviewing ineffective assistance of
counsel we apply a two-pronged test.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); see Hervey v. State, 131 S.W.3d 561,
563-64 (Tex. App.—Waco 2004, no pet.). 
We must review whether appellant has proven (1) that appellant's counsel
was deficient; and (2) if deficient, whether counsel's performance prejudiced
the defense.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.  

          In
evaluating whether counsel was deficient, we look to the totality of the
representation and the particular circumstances of each case to determine
whether counsel's representation fell below an objective standard of
reasonableness.  Id., 466 U.S. at 687-88, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  The appellant
must prove, by a preponderance of the evidence, that there is no plausible
professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  We apply a strong presumption that trial
counsel was competent, and we presume counsel's actions and decisions were
reasonably professional and motivated by sound trial strategy.  Thompson,
9 S.W.3d at 813; Jackson v.
State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994).

          Alejandre
argues that his trial counsel was deficient (1) by failing to adequately
conduct voir dire because counsel asked only a few questions of the panel and did
not strike or challenge a specific juror for cause; (2) by failing to call any
witnesses to support the defensive theory that Alejandre was not the same
person that was the subject of the 1985 prior DWI conviction; and (3) by
failing to object to the driver's record as hearsay and the testimony of the prosecution's
fingerprint expert regarding the driver's record.

          Because
Alejandre's ineffective assistance claim is raised on direct appeal,
Alejandre's trial counsel has not had an opportunity to respond to these
allegations.  The Court of Criminal
Appeals has held that the record on appeal is generally "not . . . sufficient
to show that counsel's representation was so deficient as to meet the first
part of the Strickland standard"
because "[t]he reasonableness of counsel's choices often involves facts
that do not appear in the appellate record."  Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); see also Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003). 
Thus the more appropriate vehicle to raise ineffective assistance of
counsel claims is the application for a writ of habeas corpus.  Rylander,
101 S.W.3d at 110.

          The
record in the instant case does not reflect the motives behind Alejandre's
trial counsel's actions.  Trial counsel
should ordinarily be afforded an opportunity to explain his actions before
being denounced as ineffective.  Rylander, 101 S.W.3d at 110; Bone, 77 S.W.3d at 836.  For these reasons, we conclude that Alejandre
has not met his burden in proving that his counsel's representation fell below
an objective standard of reasonableness. 
See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.  Accordingly, we overrule his third issue.

Conclusion

          Having
overruled all of Alejandre's issues, we affirm the judgment of the trial court.

 

 

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice
Gray,

          Justice Vance, and 

          Justice Reyna

Affirmed

Opinion delivered and
filed November 24, 2004

Do not publish

[CR25]






="margin-left: 0.6in; margin-right: 0.3in"> 
•Federal law provides relief from intentional violations of constitutional rights. 42
U.S.C. § 1983 (1994).

      We conclude that the operation of the nursing home by the Health Care Authority in violation
of statute does not remove the Health Care Authority from the protection afforded by sovereign
immunity. Now we turn to whether Appellants’ pleadings allege facts which show a waiver of
immunity under the Tort Claims Act.
Pleadings:
      As a “governmental unit,” the Health Care Authority cannot be liable for negligence unless
one of the types of events listed in section 101.021 has occurred. Tex. Civ. Prac. & Rem. Code
Ann. § 101.021. Applicable here, Appellants must prove that Ms. Bowman’s death was “caused
by a condition or use of tangible personal or real property.” Id. § 101.021(2). To determine
whether the trial court has jurisdiction, we examine the pleadings for allegations of “a condition
or use of tangible personal or real property” which caused her death. Id.; Miller, 51 S.W.3d at
587 (examining pleadings to find allegations sufficient under the Tort Claims Act); Air Control
Bd., 852 S.W.2d at 446; Jansen, 14 S.W.3d at 431; Pearce, 16 S.W.3d at 460.
      Over a span of fourteen pages, Appellants’ Original Petition makes numerous accusations
about negligence by the defendants. The following are representative:
•Ms. Bowman fell from her wheelchair while at the nursing home and sustained a
head injury. She was taken to the hospital and treated.
 
•Back at the nursing home, “[n]othing had been done to properly attend to Ms.
Bowman following the incident.”
 
•Two days later Ms. Bowman was again taken to the hospital; she died two weeks
later. The cause of death was listed as “Alzheimer’s Disease with a contributing
factor as non-insulin dependent diabetes mellitus,” “concussion,” and “congestive
heart failure.”
 
•There were numerous negligent acts and omissions of the defendants—fourteen pages
in the original petition. 

      Critical to the question of immunity from liability, none of the allegations contained in the
fourteen pages is about a negligent “condition or use of tangible personal or real property” which
caused the death. Rather, the allegations are for “failure to” perform a wide variety of acts, e.g.,
failure to diagnosis and treat Ms. Bowman’s condition, failure to properly report the injuries to
her relatives and to State authorities, and failure of management to properly supervise employees. 
Other allegations are for physical assault on Ms. Bowman by nursing-home staff, ignored by
management. Appellants’ pleadings do not allege facts which would bring their claim under the
waiver of immunity from liability in section 101.021(2). Pearce, 16 S.W.3d at 460-61. 
Consequently, there is no waiver of immunity from suit, and the trial court lacks subject matter
jurisdiction of the claims against the Health Care Authority. Tex. Civ. Prac. & Rem. Code
Ann. § 101.025.
Result
      Finding that their claims against the Health Care Authority are barred by sovereign immunity,
we overrule Appellants’ issue.
Conclusion
      We sever the claims of Appellants against all individual Appellees, i.e., Appellees other than
the Health Care Authority, reverse the order of dismissal as to them, and remand the severed
cause to the trial court for further proceedings. We affirm the order granting the plea to the
jurisdiction regarding the Health Care Authority.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting and concurring)
Severed and reversed and remanded in part; Affirmed in part
Opinion delivered and filed December 31, 2002
Publish
[CV06]