COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-317-CR
 
DARYL GLENN WILLIAMS                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM THE 367
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellant Daryl Glenn Williams appeals from his enhanced conviction for felony
driving while intoxicated. In two points on appeal, he contends that the trial
court erred in overruling his objection to one of the exhibits the State
introduced into evidence during the punishment phase of trial and that his
guilty plea was involuntary. We affirm.
       
In his first point, appellant complains about the State's introduction of an
out-of-state "pen packet" into evidence. At punishment, the State
offered into evidence its exhibit 6, which consists of several documents from
the State of Florida, for the purpose of proving that appellant had been
previously convicted in that state of grand theft. Appellant's counsel objected
as follows:

 I do object to Exhibit 6, and I object
 to it because it's not contained in a single package that's bound together and
 authenticated as a complete set of documents. And I particularly object to the
 fingerprint card, which is not part of any of the other documents, and you can
 tell that by the reel and image number on the top of the fingerprint card, as
 it's reel 14, image 0571, and it has a 1A on it. So I don't believe that the
 State's carried their burden of proof and, that as a matter of law, that this
 document is not properly authenticated under the Business Records Act. And
 it's not part of -- obviously not part of the same package of material that
 would have included it with a judgment in that cause number, which is
 MR-9230088-CFA, so that's my objection to that.
 

The trial court overruled the objection
and admitted the evidence.
       
Appellant claims that there is no evidence that the Daryl Williams referenced in
those documents is the same Daryl Williams in this case. We review a trial
court's ruling to admit or exclude evidence under an abuse of discretion
standard. Rankin v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996)
(op. on reh'g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (op. on reh'g). If the ruling falls outside of the "zone of
reasonable disagreement," the trial court has abused its discretion. Rankin,
974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.
       
In order to introduce evidence of a prior conviction, the State must present
independent evidence that the defendant is the same person named in the prior
judgment. Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).
The most common method of proving identity is through the use of a fingerprint
expert to link known fingerprints of the defendant with those of the person
named in the prior judgment. Id. at 209. The State may prove identity
in other ways, however. Littles v. State, 726 S.W.2d 26, 32 (Tex. Crim.
App. 1987) (op. on reh'g). In Human v. State, the court of criminal
appeals noted:

 [O]rdinarily the proof that is adduced
 to establish that the defendant on trial is . . . the same person that is
 named in an alleged prior criminal conviction or convictions closely resembles
 pieces of a jigsaw puzzle. The pieces standing alone usually have little
 meaning. However, when the pieces are fitted together, they usually form the
 picture of the person who committed the alleged prior conviction or
 convictions.
 

749 S.W.2d 832, 835-36 (Tex. Crim. App.
1988) (op. on reh'g).
       
The State's fingerprint expert testified that the fingerprints on the
fingerprint card in State's exhibit 6 are the same as appellant's. The name on
the fingerprint card is Daryl Glenn Williams. The fingerprint card states:
"The Defendant in Open Court was advised of his right to appeal from this
Judgment by filing notice of appeal with the Clerk of Court within thirty days
following the date sentence is imposed or probation is ordered pursuant to this
adjudication." Under appellant's fingerprints is the following:

 DONE AND ORDERED in Open Court at Monroe
 County, Florida, this 01 day of FEB A.D., 1993. I HEREBY CERTIFY that the
 above and foregoing fingerprints are the fingerprints of the Defendant, Daryl
 Glenn Williams and that they were placed thereon by said Defendant in my
 presence in Open Court this date."
 

The fingerprint
card is signed by the same judge who signed both judgments included in the
exhibit. Thus, while the fingerprint card in State's exhibit 6 is not attached
to a particular judgment, the language on the document indicates that the
fingerprints were taken in connection with a judgment. The date of the
fingerprint card and the first Judgment of Guilt and Probation are the same,
February 1, 1993.
       
Each of the documents in the State's exhibit 6, except the arrest warrant, is a
certified copy stamped with the official Monroe County, Florida seal. Each
document contains appellant's name as either "Daryl Williams,"
"Daryl G. Williams," or "Daryl Glenn Williams." Each
document, except the fingerprint card, contains the case number "MR
92-30088-CF-A." The same judge signed the fingerprint card, the first and
second judgments, the Order of Revocation of Probation, and the arrest warrant.
Further, all the documents show events occurring in a chronological order: the
information alleging grand theft is dated November 4, 1992; the fingerprint card
and the first Judgment of Guilt and Probation are dated February 1, 1993; the
Order of Revocation of Probation is dated May 17, 1994; the second Judgment of
Guilt and Probation is dated May 17, 1994; an affidavit of violation of
probation is dated June 1, 1998; and an arrest warrant for probation violation
is dated June 2, 1998.
       
Although the reel and image numbers of the documents are not in immediate
sequence, there is no evidence in the record that they are meant to be. The only
immediately sequential numbers on the documents are on documents with two pages
instead of one. The reel and image numbers on the documents do, however,
correspond to the chronological order of the documents. For example, the reel
number on the information is 12, the reel number of the fingerprint card and
first Judgment of Guilt and Probation is 14, and the reel number of the Order of
Revocation of Probation is 23.
       
Accordingly, we hold that the evidence is sufficient to prove that appellant is
the same person named in the two Florida judgments. We overrule appellant's
first point.
       
Appellant's supplemental brief raises a second point challenging the
voluntariness of his plea on two grounds: (1) he was under the influence of
prescription drugs when he entered his plea, and (2) his counsel had evidence in
his possession that appellant is mentally ill, yet failed to provide this
information to the trial court.  Both of appellant's claims are based on
evidence that is not in the record.  A motion for new trial is a
prerequisite to presenting a point on appeal that adduces facts not in the
record. Tex. R. App. P. 21.2.  No motion for new trial was filed in this
case; therefore, we cannot consider the evidence appellant refers to in his
supplemental brief.  See id.; Vidaurri v. State, 49
S.W.3d 880, 886 (Tex. Crim. App. 2001). Appellant's second point is overruled.
       
Having overruled both of appellant's points on appeal, we affirm the trial
court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: LIVINGSTON, DAY, and DAUPHINOT,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
Delivered: May 22, 2003

1. See Tex. R. App. P. 47.4.