WILLIAMS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-317-CR

DARYL GLENN WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Daryl Glenn Williams appeals from his enhanced conviction for felony driving while intoxicated.  In two points on appeal, he contends that the trial court erred in overruling his objection to one of the exhibits the State introduced into evidence during the punishment phase of trial and that his guilty plea was involuntary.  We affirm.

In his first point, appellant complains about the State’s introduction of an out-of-state “pen packet” into evidence.  At punishment, the State offered into evidence its exhibit 6, which consists of several documents from the State of Florida, for the purpose of proving that appellant had been previously convicted in that state of grand theft.  Appellant’s counsel objected as follows:

I do object to Exhibit 6, and I object to it because it’s not contained in a single package that’s bound together and authenticated as a complete set of documents.  And I particularly object to the fingerprint card, which is not part of any of the other documents, and you can tell that by the reel and image number on  the top of the fingerprint card, as it’s reel 14, image 0571, and it has a 1A on it.  So I don’t believe that the State’s carried their burden of proof and, that as a matter of law, that this document is not properly authenticated under the Business Records Act.  And it’s not part of — obviously not part of the same package of material that would have included it with a judgment in that cause number, which is MR-9230088-CFA, so that’s my objection to that.

The trial court overruled the objection and admitted the evidence.

Appellant claims that there is no evidence that the Daryl Williams referenced in those documents is the same Daryl Williams in this case.  
We review a trial court’s ruling to admit or exclude evidence under an abuse of discretion standard. 
 Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh’g); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  If the ruling falls outside of the “zone of reasonable disagreement,” the trial court has abused its discretion.  
Rankin
, 974 S.W.2d at 718; 
Montgomery
, 810 S.W.2d at 391.

In order to introduce evidence of a prior conviction, the State must present independent evidence that the defendant is the same person named in the prior judgment.  
Beck v. State
, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).  The most common method of proving identity is through the use of a fingerprint expert to link known fingerprints of the defendant with those of the person named in the prior judgment.  
Id. 
at 209.  The State may prove identity in other ways, however.  
Littles v. State
, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh’g).  In 
Human v. State
, the court of criminal appeals noted:

[O]rdinarily the proof that is adduced to establish that the defendant on trial is . . . the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle.  The pieces standing alone usually have little meaning.  However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.

749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988) (op. on reh'g).

The State’s fingerprint expert testified that the fingerprints on the fingerprint card in State’s exhibit 6 are the same as appellant’s.  The name on the fingerprint card is Daryl Glenn Williams.  The fingerprint card states:  “The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication.”  Under appellant’s fingerprints is the following:

DONE AND ORDERED in Open Court at Monroe County, Florida, this 01 day of FEB A.D., 1993.  I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant, Daryl Glenn Williams and that they were placed thereon by said Defendant in my presence in Open Court this date.” 

The fingerprint card is signed by the same judge who signed both judgments included in the exhibit.  Thus, while the fingerprint card in State’s exhibit 6 is not attached to a particular judgment, the language on the document indicates that the fingerprints were taken in connection with a judgment.  The date of the fingerprint card and the first Judgment of Guilt and Probation are the same, February 1, 1993.

Each of the documents in the State’s exhibit 6, except the arrest warrant, is a certified copy stamped with the official Monroe County, Florida seal.  Each document contains appellant’s name as either “Daryl Williams,” “Daryl G. Williams,” or “Daryl Glenn Williams.”  Each document, except the fingerprint card, contains the case number “MR 92-30088-CF-A.”  The same judge signed the fingerprint card, the first and second judgments, the Order of Revocation of Probation, and the arrest warrant.  Further, all the documents show events occurring in a chronological order: the information alleging grand theft is dated November 4, 1992; the fingerprint card and the first Judgment of Guilt and Probation are dated February 1, 1993; the Order of Revocation of Probation is dated May 17, 1994; the second Judgment of Guilt and Probation is dated May 17, 1994; an affidavit of violation of probation is dated June 1, 1998; and an arrest warrant for probation violation is dated June 2, 1998.

Although the reel and image numbers of the documents are not in immediate sequence, there is no evidence in the record that they are meant to be.  The only immediately sequential numbers on the documents are on documents with two pages instead of one.  The reel and image numbers on the documents do, however, correspond to the chronological order of the documents.  For example, the reel number on the information is 12, the reel number of the fingerprint card and first Judgment of Guilt and Probation is 14, and the reel number of the Order of Revocation of Probation is 23.

Accordingly, we hold that the evidence is sufficient to prove that appellant is the same person named in the two Florida judgments.  We overrule appellant’s first point.

Appellant’s supplemental brief raises a second point challenging the voluntariness of his plea on two grounds:  (1) he was under the influence of prescription drugs when he entered his plea, and (2) his counsel had evidence in his possession that appellant is mentally ill, yet failed to provide this information to the trial court.  Both of appellant’s claims are based on evidence that is not in the record.  A motion for new trial is a prerequisite to presenting a point on appeal that adduces facts not in the record.  
Tex. R. App. P. 
21.2.  No motion for new trial was filed in this case; therefore, we cannot consider the evidence appellant refers to in his supplemental brief.  
See id
.; 
Vidaurri v. State
, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001).  Appellant’s second point is overruled.

Having overruled both of appellant’s points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, DAY, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

Delivered:  May 22, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.