Affirmed and Memorandum Opinion filed December 2, 2008












Affirmed and Memorandum Opinion filed December 2, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00857-CR 

NO. 14-07-00858-CR

____________

 

DAVID GLEN OWENS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause Nos. 07CR0007
& 07CR0008

 





 

M E M O R A N D U M   O P I N I O N

Appellant David Glen Owens was convicted by a jury of
possession of cocaine and of felony evading arrest.  At his punishment
hearing, the trial court found two enhancement paragraphs to be Atrue@ and sentenced
appellant to twenty-five years= and twelve years= imprisonment,
respectively.  In his sole issue, appellant challenges the sufficiency of
the evidence supporting the trial court=s true finding on
the enhancements.  We affirm.

 

At punishment, the State sought to prove appellant had
twice been convicted of felony offenses as alleged in the enhancement
paragraphs by offering original judgments, certified copies thereof, and penitentiary
packets (Apen packets@) for two felony
convictions of a defendant with appellant=s name.  The
State also offered the testimony of forensic investigator Michael Bell, along
with known impressions of appellant=s fingerprints
taken by Bell
prior to the hearing.  Bell
testified that the print on the original judgment for the first enhancement,
from which the certified copy was made, matched the known impression of
appellant=s right index finger.  Regarding the second
enhancement, Bell
testified that the print on the original judgment, the certified copy thereof,
and the known impression of appellant=s right thumb were
one and the same and produced by the same person.

However, Bell
testified that the fingerprint impressions provided in the pen packets were of
insufficient quality to make a comparison with the known impressions. 
Further, one pen packet photograph was missing, and Bell was only able to identify the individual
in the provided pen packet photograph as a black male.  The Texas
Department of Criminal Justice attached a note to each pen packet stating that
the poor quality of the fingerprints and photographs provided resulted from the
poor quality of the originals.

After hearing the evidence and taking judicial notice of
the original indictments and judgments for the enhancement convictions, the
trial court found the enhancements true and imposed sentence.  Appellant
now challenges the sufficiency of the evidence linking him to the prior
enhancement convictions.  Specifically, he alleges that the pen packets
and fingerprint evidence provided by the State were of insufficient quality to
prove that he is the same person previously convicted in the prior enhancement
convictions.

 

Although appellant does not specify whether he is
challenging the legal or factual sufficiency of the evidence, we note that the
Court of Criminal Appeals has applied a legal sufficiency analysis in reviewing
punishment enhancement issues.  Jordan v. State, 256 S.W.3d 286,
289 (Tex. Crim. App. 2008); Young v. State, 14
S.W.3d 748, 753 (Tex. Crim. App. 2000); see also
Freeman v. State, No. 05-00-00680-CR, 2001 WL 1219291, at *5 (Tex. App.CDallas Oct. 15, 2001, pet. ref=d) (not designated
for publication).  In reviewing a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Salinas v. State,
163 S.W.3d 734, 737 (Tex.
Crim. App. 2005).  We are to also review punishment
issues for factual sufficiency if they involve a question of historical fact,
such as whether the defendant at punishment is the same person named in the
prior conviction.  See Wardrip v. State,
56 S.W.3d 588, 590B91 (Tex. Crim.
App. 2001); Ward v. State, 143 S.W.3d 271, 274 (Tex. App.CWaco
2004, pet. ref=d); Freeman, 2001 WL 1219291, at *5.  In
evaluating the factual sufficiency of the evidence, we view all the evidence in
a neutral light and will set aside the verdict only if we are able to say, with
some objective basis in the record, that the conviction is clearly wrong or
manifestly unjust because the great weight and preponderance of the evidence
contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim. App.
2006).

To establish that a defendant has been convicted of a prior
offense, the State must prove beyond a reasonable doubt that (1) a prior
conviction exists and (2) the defendant is linked to that conviction.  Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App.
2007).  The trier of fact must look at
the totality of the evidence admitted to determine whether those two elements
were proven beyond a reasonable doubt, but no specific document or mode of
proof is required.  Id. at
921, 923.  For instance, the State may link a defendant to a prior
conviction by introducing certified copies of the judgment and sentence
containing the defendant=s fingerprints, supported by expert
testimony identifying the prints as the defendant=s.  See id.
at 922; Littles v.
State, 726 S.W.2d 26, 31B32 & n.1 (Tex. Crim.
App. 1984).  

 

Here, both the originals[1]
and certified copies of two convictions of a defendant bearing appellant=s name were provided,
establishing that the prior convictions exist.  Bell=s expert testimony
identified the fingerprint on each original judgment from which the certified
copies were made as appellant=s, linking him to the convictions. 
The poor quality or absence of the pen packet items is of no consequence here
because Bell was able to link appellant to the convictions through his expert
fingerprint testimony based on reliable evidenceBBthe
original judgment, certified copies thereof, and known impressions of appellant=s
fingerprints.  The Court of Criminal Appeals has expressly rejected the
notion that there are exclusive manners of proving a defendant=s identity as to
prior felonies used for enhancement.  Littles,
726 S.W.2d at 32.  Rather, the court held that
each case has to be judged on its own merits and that where, as in the instant
case, unorthodox proof is nevertheless clearly sufficient, no error will be
found.  See id.

Here, the trial court, as the trier
of fact, found that the totality of the State=s evidence proved
the enhancement paragraphs to be true beyond a reasonable doubt.  After
reviewing the record in the light most favorable to the trial court=s finding, we
conclude that a rational trier of fact could have
found beyond a reasonable doubt that appellant was the same person previously
convicted in the prior enhancement convictions.  Furthermore, after
reviewing the totality of the evidence in a neutral light, we find no objective
basis in the record for saying that the trial court=s judgment is
clearly wrong or manifestly unjust because it is contradicted by the great
weight and preponderance of the evidence.  Having concluded that the
evidence is sufficient to support the trial court=s finding, we
overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

/s/     
Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 2, 2008.

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).














[1]  Although appellant objected below to the State=s use of original copies of his prior convictions
taken from the convicting courts=
files, he does not raise that issue on appeal.  Accordingly, we do not
address it.