COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


ALEXANDER CARROLL ISHMAEL,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00023-CR



Appeal from the


359th District Court


of Montgomery County, Texas


(TC# 07-01-00216-CR)


O P I N I O N


 In his sole point of error, Appellant, Alexander Carroll Ishmael, argues for the first time that
his two 25-year sentences for sexual assault of a child exceed the statutory maximum and are
therefore illegal. (1) We disagree and will affirm the judgment of the trial court.

BACKGROUND

 On January 9, 2007, a Montgomery County grand jury returned an indictment charging
Ishmael with two counts of sexual assault of a child. (2) See Tex. Penal Code Ann. § 22.011(a) (West
2011). The indictment also charged, for the purpose of punishment enhancement, that on April 13,
1993, Ishmael had been convicted of felony theft in Dallas County cause number F9245953TH. (3) 

 On April 7, 2008, Ishmael pled guilty, pursuant to a plea bargain, to each count in the
indictment. At the plea hearing, Ishmael stipulated in writing that he had "committed each and every
element alleged on the date alleged in the Indictment." (4) At the conclusion of the plea hearing, the
trial court, in accordance with the terms of the plea bargain, deferred a finding of Ishmael's guilt
under each count and placed him on community supervision for a period of ten years.

 On April 15, 2009, the State filed a motion to adjudicate Ishmael's guilt under each count
in the indictment. On July 7, 2009, the State filed an amended motion to adjudicate Ishmael's guilt
under each count. In its amended motion, the State alleged that Ishmael had violated several of the
conditions of his community supervision.

 On October 20, 2009, the trial court held an evidentiary hearing on the State's amended 
motion to adjudicate. Three witnesses, including Ishmael, testified at the hearing. During the State's
cross-examination of Ishmael, the following occurred:

 Q: And . . . I'm showing you State's [Exhibit] 5, you were also convicted for theft,
is that correct, out of Dallas County?[ (5)]

 

 A: Yes, I was.

 

 Q: That was in 1993?

 

 A: Yes, I was. I did six months in the county jail for that.

 

 . . .


 

 Q: Are you [the] same Alexander Ishmael that was convicted . . . out of the Criminal
District Court of Dallas County [on] April 13, 1993? Is that you?

 

 A: Yes, ma'am.

 

 The State: State reoffers State's Exhibit 5.

 

 Trial Court: Okay. Anything further, [defense counsel]?

 

 Defense Counsel: No objection.


 At the conclusion of the hearing on the State's amended motion to adjudicate, the trial court:
(1) found that Ishmael had violated the conditions of his community supervision, (2) revoked that
community supervision, (3) found that Ishmael was guilty of each count of sexual assault of a child
as charged in the indictment, (4) found the indictment's enhancement paragraph to be true beyond
a reasonable doubt, (5) assessed Ishmael's punishment at imprisonment for 25 years for each count,
and (6) ordered that he serve those sentences consecutively. Ishmael did not object to the 25-year
punishments assessed.

 On appeal to this Court, Ishmael brings a single point of error, in which he argues for the first
time:

 The trial court erred in pronouncing a twenty-five year sentence [for each
count in the indictment] when the statutory maximum, according to the original
plea[s] of guilt [for two counts of sexual assault of a child], was twenty years. The
trial court exceeded its authority by imposing a term of confinement greater than the
statutory maximum as set out in the original order [deferring a finding of guilt and
placing Ishmael on community supervision]. . . .


 Accordingly, the trial court's judgment finding [Ishmael] guilty of two first
degree felonies and assessing a sentence of imprisonment for twenty five years [for]
each count is void. The trial court did not have evidence of the enhancement
paragraphs at the original plea. Accordingly, the twenty-five year sentences [for]
each count exceeded the statutory maximum punishment allowed for the offenses
pled [in the indictment]. (Citations omitted.)


 The State responds with two alternative arguments. The State argues first that "[t]he trial
court's two 25-year sentences [did] not exceed the statutory maximum" because "[w]ithin
[Ishmael's] statements and waivers [tendered to the trial court at the original plea hearing], he
judicially confessed to both counts of sexual assault of a child and to the enhancement paragraph as
set forth in the Indictment." (Emphasis added.) The State argues here that when Ishmael, at the
original plea hearing, stipulated in writing that he had "committed each and every element alleged
on the date alleged in the Indictment," that stipulation amounted to a judicial confession "sufficient
to support the trial court's finding of true as to the enhancement paragraph."

 The State argues second that once the trial court adjudicated Ishmael guilty of the two counts
of sexual assault of a child, the court was free to proceed to punishment and that at that time "the
State introduced a judgment reflecting that [Ishmael] was convicted of the felony offense alleged in
the [enhancement paragraph], and [Ishmael] admitted that he was the defendant convicted in that
judgment."

DISCUSSION

 Ishmael's argument reflects a misunderstanding of the relevant law. As the State points out,
after an adjudication of guilt in a deferred-adjudication case, all proceedings, including the
assessment of punishment, continue as if the adjudication of guilt had not been deferred. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2010). Therefore, once the trial court in this case
adjudicated Ishmael guilty of the two second-degree felonies alleged in the indictment, the trial court
was authorized to proceed to the assessment of punishment, and could consider and act upon
evidence pertaining to the indictment's enhancement paragraph. The record reflects that the trial
court had such evidence before it - State's Exhibit 5 and Ishmael's admissions regarding it - and that
that evidence was sufficient to support the trial court's finding that the enhancement paragraph was
true beyond a reasonable doubt. Thus, Ishmael's two 25-year sentences did not exceed the statutory
maximum.

 Given the analysis above, we need not address the State's alternative argument that at the
original plea hearing, Ishmael judicially confessed to the counts in the indictment and to the
enhancement paragraph.

CONCLUSION

 We overrule Ishmael's sole point of error and affirm the judgment of the trial court.


 GUADALUPE RIVERA, Justice

July 29, 2011


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)

1. "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and
therefore illegal." Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). An illegal sentence may be raised
for the first time on appeal. Id. at n.6.
2. The record reflects that the Texas Supreme Court transferred this case from the Ninth Court of Appeals to
this Court. See Tex. Gov't Code Ann. § 73.001 (West 2005).
3. Sexual assault of a child is a second-degree felony, with a punishment range of two to twenty years in
prison plus a fine of up to $10,000. Tex. Penal Code Ann. §§ 12.33 & 22.011(f) (West 2011). Proof of a prior
felony conviction, however, enhances the punishment range of a second-degree felony to that of a first-degree felony. 
Tex. Penal Code Ann. § 12.42(b) (West 2011). A first-degree felony has a punishment range of five to 99 years in
prison or life in prison plus a fine of up to $10,000. Tex. Penal Code Ann. § 12.32. (West 2011).

 The State has the burden of proving the prior felony conviction alleged for punishment enhancement, and
the required standard of proof is beyond a reasonable doubt. Littles v. State, 726 S.W.2d 26, 28 (Tex. Crim. App.
1984).
4. The stipulation was contained in each of two sworn documents, one for each count in the indictment. 
Each sworn document was entitled "Admonishments, Statements and Waivers" and was tendered to the trial court.
5. The record reflects that State's Exhibit 5 contained a copy of the judgment in Dallas County cause number
F9245953TH, from the Criminal District Court, showing that Ishmael had been convicted of felony theft.