Opinion issued February 4, 2014



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00162-CR

_____

**J.B. DEGRASSA, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 11CR0210

## MEMORANDUM OPINION

J. B. Degrassa, Jr. was convicted of theft of copper, a state jail felony.[1] During the sentencing phase of his trial, the State introduced evidence of two prior felony convictions that were used to enhance the range of punishment.[2] The jury found both enhancement paragraphs to be true and assessed Degrassa's punishment at fifteen years' confinement. In a single appellate issue, Degrassa contends that the evidence is legally insufficient to support the jury's finding of "true" with regard to the first enhancement paragraph. We affirm.

## Background

The State provided pre-trial notice of its intent to enhance the range of punishment in this case using Degrassa's prior convictions for Attempted Burglary of a Habitation[3] and Burglary of a Habitation.[4]

During the sentencing phase of Degrassa's trial, the State introduced a certified copy of the judgment and sentence from the 1991 felony conviction for Burglary of a Habitation without objection. Through the testimony of a fingerprint

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(iii) (West 2012) (theft of less than $20,000 worth of copper is state jail felony).

[2] *See* TEX. PENAL CODE ANN. § 12.425(b) (West 2012) (enhancing punishment for state jail felony to second degree felony if shown that defendant has two prior, consecutive felony convictions, other than state jail felonies punishable under Penal Code section 12.35(a)).

[3] March 11, 1987, cause number 86CR0811, 10th Judicial District, Galveston County, Texas.

[4] August 20, 1991, cause number 91CR0551, 212th Judicial District of Galveston County, Texas.

2

expert, the 1991 judgment was linked to Degrassa by matching the fingerprint on the judgment with Degrassa's fingerprint sample taken before the beginning of the punishment phase. The 1991 judgment included a plea of "true" to the March 11, 1987 judgment for the Attempted Burglary of a Habitation.

The State also introduced certified copies of the indictments in the Burglary of a Habitation case and the Attempted Burglary of a Habitation case, and a judgment and sentence for the 1987 conviction for Attempted Burglary of a Habitation. Defense counsel objected to these three exhibits arguing that they did not include fingerprints of the person convicted, were improperly authenticated, were not relevant, and contained hearsay. In both indictments, the defendant is identified as "J.B. Degrassa, Jr." and both indictments bear the SPN number 100936.[5]

Elias Cazaras, an investigator with the Galveston County Sheriff's Department, testified that a SPN number is a unique number assigned to an individual housed in the Galveston County Jail. According to Cazaras, although an inmate may have more than one SPN number, particularly if that person uses aliases, no two people will have the same SPN number. Following his review of the 1987 and 1991 indictments, Cazaras verified that the SPN numbers listed on the back of each were the same and that the cause numbers and offense dates listed

---

[5]     The 1987 and 1991 indictments (State's Exhibits 12 and 13) are two-sided documents.

in two indictments matched the cause numbers and offense dates recited in the two judgments. All these exhibits, over objection, were admitted.

The jury charge on punishment identified the first enhancement as a March 11, 1987 conviction for the offense of "Burglary of a Habitation" in cause number 86CR0811, in the 10th Judicial District of Galveston County, Texas, and the second enhancement as an August 20, 1991 conviction for the offense of "Burglary of a Habitation" in cause number 91CR0551, in the 212th District Court of Galveston County, Texas. The jury found both enhancements to be true.

## Legal Sufficiency

Degrassa argues the evidence is legally insufficient to support the jury's finding of "true" with regard to the first enhancement paragraph (i.e., that he had previously been convicted of Burglary of a Habitation in 1987 as stated in the jury charge on punishment).

### A.      Standard of Review

In a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight

4

determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *see also Brooks*, 323 S.W.3d at 899 (stating jurors are exclusive judges of facts, witnesses' credibility, and weight given to witnesses' testimony). "[Further, t]he standard of review on appeal is the same for both direct and circumstantial evidence." *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995) (en banc); *see also Ervin v. State*, 331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

We also test the legal sufficiency of the evidence against the allegations contained in a hypothetically correct jury charge. *Gollihar v. State*, 46 S.W.3d 243, 252 (Tex. Crim. App. 2001); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc). Moreover, these requirements apply irrespective of whether the defendant attacks the sufficiency of the evidence underlying the current conviction or the establishment of the allegations in an enhancement paragraph. *See Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000) (stating that *Malik*'s principles apply equally to affirmative findings necessary to sustain imposition of enhanced punishment).

**B.  Applicable Law**

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a conviction exists, and (2) the

defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* Although evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different, unorthodox ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22. "Any type of evidence, documentary or testimonial, might suffice." *Id.* at 922. Further, the State may use circumstantial evidence to prove the defendant is the same person named in the alleged prior convictions. *See Human v. State*, 749 S.W.2d 832, 835–36, 839 (Tex. Crim. App. 1988) (en banc); *see also Orsag v. State*, 312 S.W.3d 105, 116 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). The factfinder looks at the totality of the evidence to determine whether the State proved the prior conviction beyond a reasonable doubt. *Orsag*, 312 S.W.3d at 115 (citing *Flowers*, 220 S.W.3d at 923).

## C.  Analysis

Degrassa contends that the evidence introduced by the State during the punishment phase was insufficient to prove the veracity of the first enhancement paragraph (i.e., that he had been convicted of Burglary of a Habitation in 1987) because the only evidence linking him to the 1987 judgment was a SPN number written on the indictments in cause numbers 86CR0811 and 91CR0551, and that, at most, the evidence merely showed that he had been convicted of *Criminal Attempt* Burglary of a Habitation in 1987, not Burglary of a Habitation, as alleged in the enhancement and set forth in the jury charge.

This case is similar to *Mitchell v. State*, Nos. 05–12–00876–CR, 05–12–00877–CR, 05–12–00878–CR, 2013 WL 3929212, at *6 (Tex. App.—Dallas Jul. 26, 2013, no pet.) (not designated for publication) with respect to the discrepancy between the jury charge and evidence.  In *Mitchell*, the jury charge on punishment asked whether the defendant had been convicted of "delivery" of a controlled substance, and the jury answered yes.  The evidence, however, showed that the defendant had actually been convicted of "possession" of a controlled substance. The Dallas Court of Appeals held that the hypothetically correct jury charge would have asked whether the defendant had been convicted of possession, not delivery, of a controlled substance, and it affirmed the trial court's judgment.  *Id.*; *see also Harrison v. State*, No. 07–08–0155–CR, 2008 WL 4755663, at *1 (Tex. App.—

Amarillo Oct. 30, 2008, pet. ref'd) (mem. op., not designated for publication) (affirming judgment even though evidence proved defendant was convicted of burglarizing a habitation in Tarrant County and punishment jury charge alleged that defendant had been convicted of same offense, in same cause number, in Dallas County); *Ricks v. State*, No. 06–08–00147–CR, 2009 WL 996043, at *3 (Tex. App.—Texarkana Apr. 15, 2009, pet. ref'd) (mem. op., not designated for publication) (affirming judgment even though evidence proved prior conviction under cause number different from that listed in punishment jury charge).

We measure the sufficiency of the evidence against a hypothetically correct jury charge. *See Malik*, 953 S.W.2d at 240; *see also Young*, 14 S.W.3d at 750 (applying *Malik* to punishment phase). Similar to *Mitchell*, the hypothetically correct jury charge in this case would have asked whether Degrassa had been previously convicted of Criminal Attempt Burglary of a Habitation in 1987, not Burglary of a Habitation.

Here, the record reflects that the State proved the first enhancement (1987 conviction/86CR0811) through some of the same evidence used to prove the second enhancement (1991 conviction/91CR0551). The State proved the second enhancement by introducing a certified copy of the judgment in 91CR0551, which contains the defendant's fingerprint, identifies "J.B. Degrassa, Jr." as the defendant in the case, and contains the same cause number, court, offense, and date of

8

conviction as alleged in the enhancement. The State linked the 1991 judgment to Degrassa through a fingerprint expert who testified that the fingerprint on the 1991 judgment matched a fingerprint sample taken from Degrassa.

The State also introduced an indictment in cause number 91CR0551, which also identifies "J.B. Degrassa, Jr." as the defendant, and contains the same cause number, court, and offense, as set forth in the 1991 judgment with Degrassa's fingerprint. The indictment also contains a SPN number which, according to Cazaras, is a unique number assigned to a Galveston County Jail inmate. The SPN number on the 1991 indictment matches the SPN number on the 1987 indictment for Criminal Attempt Burglary of a Habitation in 1987 (State's Exhibit 13). The 1987 indictment also identifies "J.B. Degrassa, Jr." as the defendant, and contains the same cause number, court, and offense, as set forth in the March 11, 1987 judgment of conviction for Criminal Attempt Burglary of a Habitation. When considered as a whole, the evidence in this case is legally sufficient to support an affirmative answer to the hypothetically correct jury charge on Criminal Attempt Burglary of a Habitation in 1987. *See Orsag*, 312 S.W.3d at 115 (stating factfinder looks at totality of evidence to determine whether State proved prior conviction beyond reasonable doubt).

Degrassa questions the reliability of SPN numbers and argues that because a person can be assigned multiple SPN numbers, this creates the possibility of error

in relying on identification through the means of a SPN number only. Degrassa's argument, unsupported by any evidence, is not persuasive. First, although Cazaras testified that an incarcerated person may have more than one SPN number, he also testified that no two people will have the same SPN number. Second, the SPN number is not the only identifying information linking Degrassa to the 1987 indictment and the corresponding 1987 judgment. The 1987 indictment and judgment both identify "J.B. Degrassa, Jr." as the defendant, and contain the same cause number and court as alleged in the enhancement. The 1991 judgment, linked to Degrassa by a fingerprint comparison, also indicates that Degrassa pled "true" to an enhancement in that case alleging that he had been convicted in "felony Cause Number 86CR0811, Criminal Attempt Burglary of a Habitation" on March 11, 1987, in the 10th Judicial District Court of Galveston, County, Texas. This is the same cause number, offense, date of conviction, and court as the 1987 judgment.

Although the State could have proven the first enhancement by other means as Degrassa argues, including the admission of Degrassa's penitentiary packet for the 1987 conviction, that does not mean that the evidence in this case is insufficient. *See Flowers*, 220 S.W.3d at 921–22 (stating that no specific document or mode of proof required to prove prior conviction; process of proving up enhancement resembles completing puzzle, stating "[t]he pieces standing alone usually have little meaning. However, when the pieces are fitted together, they

10

usually form the picture of the person who committed that alleged prior conviction or convictions"); *see also Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984) (en banc) ("[W]here as in the instant case, the proof [of the defendant's prior conviction] though unorthodox, was clearly sufficient, no error will be found.").

We overrule Degrassa's sole issue.

## Conclusion

We affirm the trial court's judgment.


                                        Jim Sharp
                                        Justice


Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).